Lauren C. Regan (OSB#970878)
Justice Law Group
259 East 5th Avenue, Suite 300-A
Eugene, Oregon 97401
Ph: 541.687.9180
Fax: 541.686.2137
Email: lregan@justicelaworegon.com
**LEAD ATTORNEY**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**,<br>                    Plaintiff,<br><br>v.<br>**ROBERT EDWARDS**, in his individual capacity; **THE STATE OF OREGON**;<br>                    Defendants.<br><br>**I.** | Case No.:  **6:14-cv-00907--MC**<br><br>**FIRST AMENDED COMPLAINT**<br><br>42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS<br>SUPPLEMENTAL STATE CLAIMS<br><br>**DEMAND FOR JURY TRIAL** |

1.      This is a civil rights action brought by Justin Michael Wilkens.

2.       Plaintiff alleges that during his arrest and detention by the above captioned individual, Robert Edwards, and the State of Oregon: (a) violated Title 1983 of the Civil Rights Act, 42 U.S.C. §§ 1983, through violations of civil rights guaranteed by the substantive and procedural components of the U.S. and Oregon Constitutions; and (b) the State of Oregon is liable for the individual defendant's violations of the Oregon Constitution, negligence, assault, and battery..

PAGE 1 — FIRST AMENDED COMPLAINT.

3.      Plaintiff seeks compensatory damages, punitive damages against defendant

Edwards in his individual capacity, as well as the State of Oregon, and attorneys' fees and costs.

4.      Plaintiff requests a jury trial.

## II.  JURISDICTION AND VENUE

5.      This civil action arises under the Constitution and laws of the United States, and

therefore this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6.      With regard to state law claims, this Court has supplemental jurisdiction under 28

U.S.C. § 1367 and Federal Rule of Civil Procedure 18.

7.      The actions giving rise to this complaint took place in the City of Eugene, Lane

County, Oregon, which is in this District; thus, venue is properly vested in this Court pursuant to

28 U.S.C. § 1391(b).

## III.  PARTIES

8.      Plaintiff Justin Wilkens resided in Eugene, Oregon at all times material to this

complaint.

9.      Defendant Robert W. Edwards is a trooper with the Oregon State Police.  At all

times material hereto, defendant Edwards was operating an unmarked Oregon State Police patrol

vehicle, and is sued in his individual capacity as such.  Defendant Edwards stopped Plaintiff for

speeding on his motorcycle, and carried out the actions complained of in his individual capacity,

under color of state law, and in the course and scope of his employment and duties as an

employee of the Oregon State Police.

10.     Defendant State of Oregon is responsible under state law for the acts and

omissions of its employees and officials, including the conduct at issue herein. The State of

Oregon is responsible for the state law tort claims at issue herein because the actions complained

of were carried out in the course and scope of the officer's employment and duties.

## IV.  BACKGROUND FACTS

### A.  Events Preceding Arrest/Detention/Collision

11.      On or about August 3, 2012, Plaintiff was riding his 2006 Aprilia motorcycle northbound on Crow Road on a bright, sunny day shortly before 1:00 PM.  Plaintiff was wearing a protective motorcycle riding jacket, full-face helmet with dark-tinted visor, protective gloves, and sunglasses.

12.      Just north of Erikson Road, Plaintiff came upon a black Chevrolet Camaro, which he passed when it was safe to do so and carried on northward.

13.      Soon after, Plaintiff came upon, and stayed behind, a slower-moving dark-colored Honda through a few "S" curves.  When the road straightened, the occupants of this vehicle signaled by waving to the Plaintiff  to pass their vehicle.  This pass was made at a slow rate of speed and there were no cars coming from the opposite direction when Plaintiff passed this car.

14.      Approximately 3.5 miles north, Plaintiff slowed to stop at a red light at the corner of Crow and West 11th Avenue/Hwy 126.  At this point, Plaintiff noticed the small flashing light and siren of Defendant Oregon State Trooper Edwards' un-marked, black Chevrolet Camaro and began to pull over to the side of the road.  See Ex. 1 (photos of Camaro and motorcycle).

15.      Before this, Plaintiff neither saw the flashing lights in his small, vibrating motorcycle side mirrors, nor heard the siren of Defendant Edwards' police vehicle through his helmet and over the sound of the motorcycle and wind. Plaintiff was aware that a dark car was somewhere behind him and believed it to be the Honda.

16.      According to police video, when Plaintiff began pulling over to the right of the road, his motorcycle was struck from behind by Defendant Edwards' black Chevrolet Camaro.

17.    Defendant Edwards' police vehicle pushed Plaintiff and the motorcycle several feet before the motorcycle and Plaintiff were knocked over to the ground.  Both the motorcycle and the Camaro suffered damage in the collision.

18.    Plaintiff was shocked by the impact of the car hitting him and the physical impact of hitting the ground while still seated on the bike.  He remained on the ground for approximately five seconds.

**B.  Arrest and Detention**

19.    Plaintiff stood up and faced Defendant Edwards' patrol car with his hands lowered and held out to either side of his hips. Defendant Edwards then exited his patrol car, drew his firearm with his right hand, and pointed it at Plaintiff's head. Plaintiff expressed surprise and confusion at the collision and at having Defendant Edwards' gun pointed at him and asked Defendant Edwards, "What's going on?"

20.    Defendant Edwards approached Plaintiff and ordered him to get on the ground. Immediately upon this verbal command, Plaintiff began to comply by lowering himself back to the road.

21.    While Plaintiff's hands were reaching for the ground, and his helmeted head turned down to the ground, Defendant Edwards stepped toward Plaintiff and with his right leg executed a powerful, full body-weight push-kick to Plaintiff's chest. The force of this push-kick caused Plaintiff to stumble backwards.

22.    Defendant Edwards stepped toward Plaintiff once again and with his left hand pointed to him and the ground. Defendant Edwards continued to point his firearm at Plaintiff's head. Plaintiff once again complied with Defendant Edwards' commands and lowered himself to the ground. When Plaintiff was on his hands and knees and approximately 3 to 6 inches above

PAGE 4 — FIRST AMENDED COMPLAINT.

the ground, Defendant Edwards violently lowered his left knee into Plaintiff's back repeatedly.

23.    At this time, it is more likely than not that Plaintiff was suffering from a complete displaced mid-shaft fracture of the clavicle and broken left ribs.

24.    As Plaintiff lay compliant upon the ground, Defendant Edwards roughly pulled Plaintiff's right arm behind his back, exacerbating his pain and injuries. For approximately one minute Defendant Edwards struggled with Plaintiff's motorcycle gloves and jacket in an attempt to apply handcuffs, maintaining pressure on Plaintiff's back and shoulders and exacerbating his injuries.

25.    Defendant Edwards finally managed to secure the handcuffs on Plaintiff's wrists and returned to his patrol car, leaving Plaintiff lying face down on the road in front of the patrol car's front left bumper still wearing his bulky motorcycle jacket and helmet. Plaintiff remained on the road in tight handcuffs for approximately a minute and a half as Defendant Edwards communicated with other law enforcement from inside his patrol car.

26.    Defendant Edwards then exited his patrol car and crouched by Plaintiff, telling him that he was under arrest and informing him of his Miranda rights. Plaintiff told Defendant Edwards "I didn't know you were a cop." He stated that prior to pulling over he had believed that he was being pursued by the Honda that he had passed earlier. Plaintiff informed Defendant Edwards that his head was hot inside his helmet and asked that Defendant Edwards lift his face shield, which Defendant Edwards did. Defendant Edwards instructed Plaintiff to sit up and to place his left foot on the inner thigh of his right leg and Plaintiff complied.

27.    Defendant Edwards then lifted Plaintiff up in front of the patrol car by placing a hand under Plaintiff's left shoulder and applying upward pressure, exacerbating the pain and fractures to his left clavicle and/or his left ribs.

28.    Approximately six and a half minutes after the collision between Defendant Edwards and Plaintiff, Lane County Sheriff's deputies began to arrive. Deputies Tim Ware and Bryan Holiman approached Defendant Edwards' patrol car and helped to remove Plaintiff's helmet. After Plaintiff complained of pain in his shoulder, the deputies assisted by replacing the first set of handcuffs with a pair of linked handcuffs to reduce the strain on Plaintiff's arms and shoulders. The replacement of the handcuffs caused Plaintiff severe pain and suffering.  The police video shows Plaintiff moaning in pain as his arms are manipulated behind his back.

29.    Senior Oregon State Trooper Gale Cochell and Trooper Ed Imholt were also present at the scene and witnessed the replacement of the handcuffs.

30.    Plaintiff was escorted and placed in Lane County Sheriff Deputy Holiman's patrol car. Emergency Medical Technicians from the Eugene Fire Department arrived and after examining Plaintiff informed him that they believed that he had a fractured left clavicle and required emergency medical treatment.

31.    Plaintiff was issued citations by Lane County Sherriff's deputies, released, and taken by ambulance to Sacred Heart Medical Center for treatment.

32.    At no time during this incident did Plaintiff ever physically resist or disobey any command made by Defendant Edwards.

**C.  Effects of Arrest and Detention on Plaintiff**

33.    As a result of the above conduct by Defendant Edwards, Plaintiff endured severe and ongoing pain and suffering. According to medical records, Plaintiff presented at Sacred Heart Hospital with a complete displaced mid-shaft fracture of the clavicle and broken left ribs, as well as symptoms of nausea, vomiting, fever, and abdominal pain, and was treated and prescribed pain medication.

PAGE 6 — FIRST AMENDED COMPLAINT.

34.    As a result of the above conduct by Defendant Edwards, Plaintiff Wilkens underwent surgery to his left shoulder to repair the fracture of his clavicle. A metal plate and screws were inserted into Plaintiff's shoulder. The metal plate and screws remain there, causing him ongoing pain and discomfort and difficulty in raising his arm.

35.    As a result of the above conduct by Defendant Edwards, Plaintiff has suffered emotional distress, and mental and psychological pain and suffering

36.    As a result of the above conduct by Defendant Edwards, Plaintiff has incurred substantial medical expenses.

37.    As a result of the above conduct by Defendant Edwards, Plaintiff has incurred substantial expenses in recovering and repairing his motorcycle.

38.    Plaintiff was forced to hire attorneys and incur the costs of criminal and civil representations.

39.    As of the filing of this complaint, no criminal charges have been filed against Plaintiff as a result of the numerous citations that Defendant Edwards directed the Lane County deputies to issue to Plaintiff at the time of his arrest.

## V.  FEDERAL LAW CLAIMS

### A.  FIRST CLAIM FOR RELIEF
#### (Violation of Fourth Amendment – Excessive Use of Force)
#### (42 U.S.C. § 1983 - Individual Liability)

40.    Paragraphs 1 through 39 are incorporated herein by reference.

41.    By his actions as described herein, Defendant Edwards, under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws; namely, Plaintiff's right to freedom from unreasonable seizure by the use of excessive force by (a) ramming his police

vehicle into Plaintiff's motorcycle causing him to fall to the ground with the bike; (b) drawing his gun and pointing it at Plaintiff's head; (c) kicking Plaintiff with great force directly in the center of his chest area; (d) repeatedly kneeing Plaintiff in the back because Defendant Edwards had trouble handcuffing Plaintiff, and not because Plaintiff was resisting in any way; (e) detaining Plaintiff in overly tight handcuffs for an unreasonable length of time with the knowledge that Plaintiff was suffering from an injury that was likely exacerbated by remaining with his hands tightly cuffed behind his back.

42.     The actions of Defendant Edwards, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against Defendant Edwards, in his individual capacity, in an amount sufficient to punish him and to deter others from like conduct.

43.     Defendant Edwards violated rights held by Plaintiff which were clearly established, and no reasonable official similarly situated to the individual defendant could have believed that his conduct was lawful or within the bounds of reasonable discretion. Defendant Edwards thus lacks qualified or statutory immunity from suit or liability.

44.     As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including physical pain and suffering; chronic shoulder pain and injury; loss of his liberty; mental and emotional suffering; worry; fear of police contact; anguish; shock; nervousness; anxiety; damage and/or loss of personal property, all to his damage in an amount to be ascertained according to proof at trial.

45.     As a direct and proximate result of Defendant Edwards' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at

trial, and will, in the future, be compelled to incur additional obligations for medical treatment as a result of his ongoing pain and suffering.

46.    Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## VI.  STATE LAW CLAIMS

### B.  SECOND CLAIM FOR RELIEF
(Assault –State of Oregon)

47.    Paragraphs 1 through 46 are incorporated herein by reference.

48.    Defendant Edwards engaged in a volitional act with the intent to cause Plaintiff to suffer harmful contact by ramming his vehicle into Plaintiff's motorcycle causing him to fall to the ground; kicking him in the chest; kneeing his back; and applying overly tight handcuffs to a person known to be suffering from a 'shoulder' injury (which in fact was a broken clavicle). Plaintiff did in fact suffer harmful contact as a result of Defendant Edwards' conduct; said conduct was not consented to, nor privileged or justified. Defendant State of Oregon is statutorily liable pursuant to O.R.S. § 30.265(1) for the actions of Defendant Edwards.

49.    As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including physical pain and suffering; chronic shoulder pain and injury; loss of his liberty; mental and emotional suffering; worry; fear of police contact; anguish; shock; nervousness; anxiety; and property loss, all to his damage in an amount to be ascertained according to proof at trial.

50.    As a direct and proximate result of Defendant Edwards' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional obligations for medical treatment as a result of his ongoing pain and suffering.

PAGE 9 — FIRST AMENDED COMPLAINT.

51.     Plaintiff filed a timely tort claim notice with Defendants regarding his claims.

52.     Plaintiff was required to hire attorneys to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to *Deras v. Myers,* 272 Or. 47, 65-66, 535 P.2d 541 (1975); *Armatta v. Kitzhaber*, 327 Or. 250, 287, 959 P.2d 49 (1998).

## C.  THIRD CLAIM FOR RELIEF
### (Battery – State of Oregon)

53.     Paragraphs 1 through 52 are incorporated herein by reference.

54.     Defendant Edwards intended to cause and did cause harmful contact with Plaintiff's person.  Plaintiff did not consent to Defendant Edwards' actions and the actions were neither privileged nor justified. Defendant State of Oregon is statutorily liable pursuant to O.R.S. § 30.265(1) for the actions of Defendant Edwards.

55.     As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including physical pain and suffering; chronic shoulder pain and injury; loss of his liberty; mental and emotional suffering; worry; fear of police contact; anguish; shock; nervousness; anxiety; and property loss, all to his damage in an amount to be ascertained according to proof at trial.

56.     As a direct and proximate result of Defendant Edwards' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional obligations for medical treatment as a result of his ongoing pain and suffering.

57.     Plaintiff filed a timely tort claim notice with Defendants regarding his claims.

58.     Plaintiff was required to hire attorneys to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to *Deras v. Myers,* 272 Or. 47, 65-66, 535 P.2d 541 (1975); *Armatta v. Kitzhaber*, 327 Or. 250, 287, 959 P.2d 49 (1998).

## D.  FOURTH CLAIM FOR RELIEF
### (Negligence –State of Oregon)

59.     Paragraphs 1 through 58 are incorporated herein by reference.

60.     Defendant Edwards had a duty to use reasonable force against the Plaintiff in effecting his seizure.

61.     Defendant Edwards breached that duty by using excessive force, in light of the risk of undue harm in violating Plaintiff's rights as alleged within this complaint.

62.     It was reasonably foreseeable to Defendant Edwards that his actions and inactions would cause harm to the Plaintiff and to his property. Defendant State of Oregon is statutorily liable pursuant to O.R.S. § 30.265(1) for the actions of Defendant Edwards.

63.     As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including physical pain and suffering; chronic shoulder pain and injury; loss of his liberty; mental and emotional suffering; worry; fear of police contact; anguish; shock; nervousness; anxiety; and property loss, all to his damage in an amount to be ascertained according to proof at trial.

64.     As a direct and proximate result of Defendant Edwards' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional obligations for medical treatment as a result of his ongoing pain and suffering.

65.     Plaintiff filed a timely tort claim notice with Defendants regarding his claims.

66.     Plaintiff was required to hire attorneys to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to *Deras v. Myers,* 272 Or. 47, 65-66, 535 P.2d 541 (1975); *Armatta v. Kitzhaber*, 327 Or. 250, 287, 959 P.2d 49 (1998).

## VII.  RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

a.      Award Plaintiff economic and non-economic damages in an amount to be ascertained according to proof, and interest on said sums from the date of judgment;

b.       Award Plaintiff punitive damages against Defendant Edwards in his individual capacity, in an amount sufficient to punish him and deter others from like conduct;

c.      Exercise jurisdiction over Plaintiff's claims and grant each of them a jury trial;

d.      Award Plaintiff his reasonable attorneys' fees and costs as provided by 42 USC §1988 and Oregon law; and

e.      Grant Plaintiff such other and further relief as this Court deems just and appropriate.


Respectfully submitted September 2, 2015.


__/s/ Lauren C. Regan_____
Lauren C. Regan (OSB # 970878)
Attorney for Plaintiff
259 E. 5th Ave., Ste 300A
Eugene, OR 97401
(541) 687-9180

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on September 2, 2015, I served or caused to be served a true and complete copy of

the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** on the party or parties listed

below as follows:

| | |
|---|---|
| __**X**__ | Via CM / ECF Filing |
| _____ | Via First Class Mail, Postage Prepaid |
| __**X**__ | Via Email |
| _____ | Via Personal Delivery |

Heather J. Van Meter
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Attorney for Defendants Robert Edwards and the State of Oregon

JUSTICE LAW GROUP

By:  __/s/ Lauren C. Regan__
Lauren C. Regan, OSB # 970878
Justice Law Group
*Of Attorneys for Plaintiff*
259 East Fifth Ave., Suite 300A
Eugene, OR 97401
Tel: (541) 687-9180
Fax: (541) 686-2137
E: lregan@justicelaworegon.com