ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
ANDREW D. CAMPBELL #022647
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us
        Andrew.D.Campbell@doj.state.or.us

Attorneys for Defendants Robert Wayne Edwards and State of Oregon


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**, | Case No.  6:14-cv-00907-MC |
| Plaintiff, | REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| **ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON**, | |
| Defendants. | |

## REPLY ON STATEMENT OF FACTS

1.      Plaintiff does not appear to dispute defendants' statement of facts, ¶1.  Plaintiff adds

additional facts that are not material to defendants' motion.

2.      Plaintiff does not appear to dispute defendants' statement of facts, ¶2.  Plaintiff separately

claims he could not see the multiple lights flashing on Captain Edwards' police vehicle or hear

the police vehicle siren, however plaintiff admitted at his deposition that he had an obligation to

be able to see if emergency or police vehicles are behind them.  Van Meter Dec., Exh. A

Page 1 -    REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
HJV/6768284-v1

(plaintiff's depo.), 137:12-25.  Whether plaintiff could see and hear Captain Edwards' police vehicle is not relevant to defendants' summary judgment motion, including qualified immunity.

3.      Plaintiff does not appear to dispute defendants' statement of facts, ¶3.

4.      Plaintiff appears to admit he passed a truck in a double yellow "no passing" zone. Plaintiff does not dispute that he also passed a sedan in a double yellow "no passing" zone, but argues the sedan driver waved him past thus making the illegal pass less illegal.  Plaintiff disputes the fact he was driving 80 mph however, as defendants noted in their motion, plaintiff testified repeatedly at his deposition that he did not know his rate of speed and therefore plaintiff has no ability to dispute Captain Edwards' testimony or the video evidence regarding his rate of speed.  Van Meter Dec., Exh. A, 135:11-18 ("I never looked at my speedometer"); 137:2-8, 141:14-143:6.  Unwillingness to admit or not knowing something is not the same as a disputed material fact supported by admissible evidence.

5.      Plaintiff does not appear to dispute defendants' statement of facts, ¶5, except again disputing Captain Edwards' testimony on plaintiff's rate of speed (see ¶4 above).

6.      Plaintiff does not dispute that the contact between Captain Edwards' police vehicle and plaintiff's motorcycle was a low-speed three- to five-mile per hour contact.  Van Meter Dec., Exh. A, 166:2-4.  Plaintiff does not dispute that Captain Edwards ordered plaintiff to the ground multiple times without gaining plaintiff's full compliance.  Plaintiff disputes that Captain Edwards did not expect plaintiff to come to a complete stop at the intersection, although plaintiff has no basis to testify regarding *Captain Edwards'* expectations.  Plaintiff similarly disputes that Captain Edwards *un*intentionally made low-speed contact with plaintiff's motorcycle, although again plaintiff has no basis to testify regarding *Captain Edwards'* intent or state of mind.  There can be no dispute that Captain Edwards braked hard to avoid contact with plaintiff's motorcycle, as is visible in the video.[1]  Plaintiff admitted in his deposition that Captain Edwards' losing

---

[1] Plaintiff correctly points out that Captain Edwards was unaware the police vehicle he was using had a video system, providing further evidence that Captain Edwards' contact with plaintiff was *un*intentional.  If Captain Edwards intended to collide with plaintiff, thinking no video was available, he would not bother braking at all.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

control of his vehicle was unintentional, an accident, and Captain Edwards "couldn't get his vehicle to stop."  Van Meter Dec., Exh. A, 130:23-132:18 (plaintiff also stating, somewhat confusingly, it was "intentional" because Captain Edwards did not have his sirens on for the entire high-speed chase).  Plaintiff also, again, attempts to dispute plaintiff's rate of speed or that the incident was a "high speed pursuit," without any basis to do so (see ¶¶4, 5 above).  Plaintiff separately appears to take issue with Captain Edwards not "warning" plaintiff before using a push-kick, which is undisputed, but plaintiff fails to explain how a "warning" before a kick is material.  Plaintiff does not appear to dispute the remainder of ¶6.

7.      Plaintiff does not appear to dispute that Captain Edwards ordered plaintiff to the ground multiple times with drawn firearm without gaining plaintiff's full compliance.  Plaintiff does not dispute that, rather than getting down, he "held his hands out at his hips and said '[w]hat's going on?'" (Motion, ¶7; Complaint, ¶19).  Separately, plaintiff appears to argue he could not hear the requests because he had a motorcycle helmet on, which is not material to defendants' summary judgment motion.  Plaintiff does not appear to dispute the remainder of ¶7.

8.      It is unclear whether plaintiff disputes that Captain Edwards' flat-foot push-kick landed in plaintiff's chest (Complaint, ¶21, 41) and possibly glancing the bottom of plaintiff's helmet (Motion, ¶8), because plaintiff refers at various times to the chest, left shoulder, chest and neck, and collarbone.  *See* Plaintiff's Response; Van Meter Dec., Exh. A, 71:2-25.  Regardless, the video shows the kick, and where the kick landed is not material to defendants' motion.  Plaintiff does not appear to dispute the remainder of ¶8, except by stating "plaintiff disputes the accuracy of the allegations contained in paragraph 8," without providing any admissible evidence to actually contradict the facts contained in paragraph 8.  Disputes of material fact must be supported by admissible evidence not argument or simple denial.  Fed R. Civ. P. 56.

9.      Plaintiff does not appear to dispute defendants' statement of facts, ¶9.  Specifically, does not dispute that Captain Edwards *did not know* of any pain or injuries and when asked if plaintiff needed a medic plaintiff said no.  Indeed, in response to ¶10, in his own declaration (¶7), and in

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

his deposition (Van Meter Dec., Exh. A, 172:4-10), plaintiff admits he first told Captain Edwards of pain *after* he was lifted to his feet. Plaintiff separately states Captain Edwards "jabbed his knee" into plaintiff's back and "handcuffed him in an extremely aggressive manner," but does not contradict that Captain Edwards handcuffed plaintiff consistent with his training, then lifted plaintiff's face shield at plaintiff's request, read plaintiff his Miranda rights, heard plaintiff say "I didn't know you were a cop," helped plaintiff to his feet, and lifted plaintiff's motorcycle. Plaintiff also separately states Captain Edwards "yanked" plaintiff to his feet with his injured left arm, which is contradicted by the video.

10.     Plaintiff does not dispute in response to ¶9 that, when Captain Edwards asked plaintiff if he needed a medic when plaintiff was on the ground, plaintiff said no. Plaintiff responds to ¶10 by stating plaintiff "cried out in pain" apparently while being handcuffed, although if this occurred it would have been with full helmet and closed face shield on, and plaintiff does not claim Captain Edwards heard the alleged "cry." Plaintiff admits he did not report and Captain Edwards *did not know* of any pain or injuries until *after* plaintiff was lifted to his feet. It is immaterial whether Captain Edwards learned plaintiff was in pain soon after plaintiff was lifted to his feet or after Lane County Sheriff deputies arrived, because Captain Edwards had no further physical contact with plaintiff after he was lifted to his feet.

11.     Plaintiff "disputes" that Captain Edwards' actions were reasonable because plaintiff does not think police officers should "assume the worst," however plaintiff presents no admissible evidence contradicting ¶11, as required by Fed. R. Civ. P. 56.

12.     See defendants' Motion to Strike, incorporated by reference as if fully set forth herein.

13.     Plaintiff does not appear to dispute defendants' statement of facts, ¶13. Plaintiff separately claims existence of a conspiracy, without any evidentiary support, that Lane County Sheriff deputies issued multiple citations to plaintiff "in an attempt to insulate [Captain Edwards] from civil liability." Plaintiff's argument ignores the fact that plaintiff admits to committing two of the events for which he was cited, driving uninsured and illegally passing a vehicle. The

Page 4 -    REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
            HJV/6768284-v1

outcome of the citations is not admissible or material to defendants' motion, especially given the Lane County District Attorney's severe budget issues.

14.    Plaintiff incorrectly claims Captain Edwards was "reprimanded" for his conduct, however more complete records (all previously produced to plaintiff's counsel) reflect that Oregon State Police reviewed the entire incident, and concluded the accident was unavoidable but Captain Edwards forgot to tell his supervisor of use of force when he initially called his supervisor to report the accident, instead discussing it with his supervisor approximately three hours later.  The Lane County District Attorney's Office also reviewed the incident and cleared Captain Edwards of any wrong-doing.  Van Meter Dec., Exh. B (Use of Force documents, attorney eyes only, filed under seal).  The information is not material to defendants' motion.

15.    Plaintiff correctly states Captain Edwards' self-reported actions in a 2014 Use of Force incident were upheld as appropriate, including terminating the high-speed chase due to danger just as he attempted to do with plaintiff in August 2012, and that Captain Edwards properly self-reported that he should have turned his siren on one road earlier.

## REPLY POINTS AND AUTHORITIES

### A.    MOTION 1: THERE IS NO FOURTH AMENDMENT VIOLATION WITHOUT A SEIZURE, OR FOR AN UNINTENTIONAL COLLISION

Defendants' first summary judgment motion is only against the *first* of five bases for plaintiff's first claim for relief based on alleged excessive use of force by Captain Edwards in allegedly "ramming his police vehicle into Plaintiff's motorcycle causing him to fall to the ground with the bike."  Complaint, ¶41.  Defendants' motion against this part of plaintiff's first claim for relief is based on the undisputed legal point that violations of the Fourth Amendment require intentional acts; unintentional or accidental actions are legally insufficient.

In this case, Captain Edwards accidentally contacted plaintiff's motorcycle.  There can be no dispute that Captain Edwards attempted to stop his vehicle to avoid contacting plaintiff's motorcycle -- the nose of Captain Edwards' vehicle can easily be seen diving down due to his braking just before the contact occurred.  Van Meter Dec., Exh. D.  There is no dispute that the

HJV/6768284-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

contact was low-speed, at three- to five-mile per hour.  Based on the evidence, Captain Edwards'

contact with plaintiff's motorcycle was not an intentional "ramming" as plaintiff's complaint

alleges but merely an unintentional act, and does not constitute the type of intentional conduct

required to support a Fourth Amendment excessive force unlawful seizure claim.

Plaintiff does not appear to respond to this motion, specifically plaintiff does not appear

to contest that Captain Edwards was braking hard to avoid colliding with plaintiff's motorcycle

and the contact was unintentional.  Rather, plaintiff's response appears to argue that Captain

Edwards should not have thought plaintiff was evading him in the first place.  Based on the

evidence and argument presented on this issue, Captain Edwards is entitled to summary

judgment on the first of the five listed bases for plaintiff's first claim for relief.

Furthermore, based on the undisputed expert medical testimony, plaintiff's broken

clavicle (collarbone) and/or rib injuries occurred as a result of plaintiff's fall from his motorcycle

after contact from Captain Edwards' vehicle.[2]  For this reason, plaintiff's physical injury cannot

form the basis for economic damages on plaintiff's Fourth Amendment claim.

**B.    MOTION 2: DEFENDANT CAPTAIN EDWARDS DID NOT VIOLATE PLAINTIFF'S FOURTH AMENDMENT RIGHTS AND, EVEN IF A VIOLATION EXISTED, HE IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S ENTIRE §1983 CLAIM**

The remaining bases for plaintiff's Fourth Amendment claim are (2) Captain Edwards'

drawing his firearm, (3) Captain Edwards using a push-kick to plaintiff's chest to gain plaintiff's

compliance, (4) placing a knee on plaintiff's back to get him fully on the ground so Captain

Edwards could holster his firearm and handcuff plaintiff, and (5) handcuffing plaintiff with no

knowledge of any existing injury.

There is no dispute that, during these four events, plaintiff was not free to leave and was

therefore "seized" for Fourth Amendment purposes.  There is no dispute that Captain Edwards'

actions of drawing his firearm, using a push-kick, using a knee on plaintiff's back and

---

[2] Defendants agree that, to the extent plaintiff claims his wrists were bruised from handcuffs, this is not addressed in defendants' Motion 1.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

handcuffing him were intentional acts. But none of these acts were *un*reasonable from the viewpoint of a reasonable officer at the scene at the time, and therefore none of these acts constitute Fourth Amendment violations.

Not every seizure by police is unreasonable. The Fourth Amendment does not prohibit a police officer's use of reasonable force during an arrest, and this right "to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968)). When analyzing excessive force claims, the inquiry is whether the officer's actions were "objectively reasonable" in light of the facts and circumstances confronting him "from the perspective of a reasonable officer on the scene." *Id*. at 396-97; *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010) (emphasis added).

Even if a constitutional violation occurred, the officer shall prevail on a defense of qualified immunity if either (a) the right asserted by the plaintiff was not clearly established; or (b) the official could have reasonably believed that his particular conduct was lawful. *Romero v. Kitsap County,* 931 F.2d 624, 627 (9th Cir. 1991); *see also Burns v. Reed,* 500 U.S. 478 (1991). The Ninth Circuit has held the question of qualified immunity is ordinarily one for the court and not for the jury. *Act Up/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993). Plaintiff bears the burden of proof to show that the constitutional right claimed to be violated was clearly established at the time of the challenged actions, and should have been evident from the particular facts of the case. *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1388-89 (9th Cir. 1997); *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir. 1995).

### 1.    *Drawing Firearm Was Not "Use of Deadly Force" and Was Reasonable*

There is no dispute that Captain Edwards had probable cause to arrest plaintiff for felony eluding and other crimes. There also is no real dispute that plaintiff violated Oregon's laws multiple times during the high-speed chase. The circumstances known to Captain Edwards and to any reasonable officer at the time were that he was involved in a high-speed chase by a fleeing

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

person who has thus far, to the officer's knowledge, ignored police lights and siren and instead sped faster away from the police, swerving around cars in no-passing zones.  It was entirely reasonable for Captain Edwards to believe and assume plaintiff saw the lights and heard the siren because plaintiff admits it is his duty as a driver to do so.

It was perfectly reasonable and consistent with OSP policy for Captain Edwards to draw his firearm in this situation.  The U.S. Supreme Court in *Graham v. Connor* cautioned that "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.  490 U.S. 386, 396-97 (1989).  The reasonable officer on the scene standard must take this into account.  Plaintiff essentially argues that Captain Edwards should not have thought plaintiff was eluding because plaintiff now says he did not see the lights or hear the siren, a classic 20/20 hindsight argument that fails to take into account the "reasonable officer on the scene" standard.

Plaintiff incorrectly characterizes Captain Edwards' drawing his firearm as a "use of deadly force."  However, Captain Edwards never fired his gun or even threatened to fire his gun.  Captain Edwards also never used pepper spray, asp or tazer.  This case involves no intentional injuries at all.  There was never any use of deadly force or anything that could be remotely considered deadly force in this incident, there was at best a show of possible force.  Plaintiff's cited case law involving use of deadly force is inapplicable for these reasons.

Plaintiff also likens this case to *Robinson v. Solano County*,[3] a case involving police officers drawing firearms while simply investigating a possible misdemeanor, with no probable cause at the time of drawing the firearms, a "suspect" who had an unbuttoned shirt and jeans on with no weapon present, no apparent intoxication or impairment of the "suspect," and multiple officers with one "suspect."  278 F.3d 1007, 1014-16 (9th Cir. 2002).  The *Robinson* facts are

---

[3] Plaintiff also cites the dissenting-concurring opinion in *Chew v. Gates*, a case involving use of police dogs to seize and bite concealed suspects, which has no application to this case.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

very different than this case. But even in *Robinson*, the Ninth Circuit held a Fourth Amendment violation may exist with the "pointing a gun to the head of an apparently unarmed suspect during an investigation," but agreed the officers were entitled to qualified immunity because the law was not clearly established.

Plaintiff discusses at length the *Anderson* case, which defendants also discussed at length and which entirely supports defendants' summary judgment motion. *See* Defendants' Motion, pp. 20-21.

In this case, Captain Edwards drawing his firearm in a felony situation, with probable cause, with 1:1 suspect to police ratio, and unknown whether plaintiff is armed or impaired, is not a Fourth Amendment violation. Reading *Anderson* as well as *Scott* and *Plumhoff*, his actions appear entirely lawful. Even if it could be characterized as a Fourth Amendment violation, plaintiff bears the burden but presents no case that could lead Captain Edwards or other reasonable officers to know drawing a firearm under the circumstances was unlawful. For these reasons, there is no Fourth Amendment violation for Captain Edwards' drawing his firearm, and he is entitled to qualified immunity.

### 2. Captain Edwards' Use of Flat Foot Push-Kick Was Objectively Reasonable

Plaintiff bears the burden but presents no case clearly indicating a push-kick in the circumstances of this case violates the Fourth Amendment. To the contrary, the Ninth Circuit in *Saman v. Robbins* found a single kick to subdue a suspect in a tense and uncertain situation was objectively reasonable and not a Fourth Amendment violation, vacating a jury verdict against the police officer for the kick. 173 F.3d 1150, 1156-57 (9th Cir. 1999).

In this case, there is no dispute that probable cause existed for plaintiff's committing several crimes and infractions. Plaintiff admits he did not immediately get down on the ground but instead held his hands out and said "what's going on," in response to Captain Edwards' drawing his firearm and requests plaintiff get down on the ground. It is undisputed that Captain Edwards could not know if plaintiff was armed or impaired. It is undisputed that pepper spray or

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

other methods on the use of force continuum would not work given plaintiff's full leathers, helmet and face shield.  Under the circumstances, it was objectively reasonable for Captain Edwards to decide to use a push-kick when plaintiff did not immediately respond to Captain Edwards' commands.  For these reasons, there is no Fourth Amendment violation, and Captain Edwards is entitled to qualified immunity.

### 3.    *Captain Edwards' Putting Knee on Plaintiff's Back Was Reasonable*

"[N]ot every push or shove… violates the Fourth Amendment."  *Saucier v. Katz,* 533 U.S. 194, 209 (2001) (internal citations omitted).  Plaintiff again bears the burden but presents no case law indicating Captain Edwards' use of his knee was a Fourth Amendment violation or the law clearly so established.  The Ninth Circuit in *Drummond v. City of Anaheim* held an officer's continued pressing weight on a detainee's neck and torso even after handcuffing and while detainee was on the ground begging for air could constitute excessive force, but those facts are a far cry from the facts here.  343 F.3d 1052, 1057 (9th Cir. 2003); *see also Davis v. City of Las Vegas*, 478 F.3d 1048 (9th Cir. 2007) (case involving Fourth Amendment violation when a handcuffed arrestee was punched in the face and slammed head-first into a wall, resulting in a broken neck).

In this case, Captain Edwards faced a suspect who was on his knees but not fully on the ground, and he needed to get the suspect fully on the ground in order to safely holster his firearm in order to then get his handcuffs out to handcuff the suspect.  Captain Edwards certainly could not lay his firearm on the ground or ask plaintiff to hold it for him while he got handcuffs out.  It is not only objectively reasonable but standard practice to have a suspect fully on the ground face-down with knee on the suspect's back in order to holster a firearm and handcuff the suspect.  As the video shows, as soon as Captain Edwards had plaintiff secured with handcuffs, which took some time since plaintiff Velcro-ed gloves on his hands, Captain Edwards got up.  Plaintiff does not allege any injuries from Captain Edwards' knee on his back.  Under the circumstances,

Page 10 -  REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
HJV/6768284-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

it was objectively reasonable for Captain Edwards to put his knee on plaintiff's back in order to handcuff plaintiff, and Captain Edwards also is entitled to qualified immunity.

### 4.    Captain Edwards Handcuffing Plaintiff Was Reasonable

Plaintiff again bears the burden but presents no case law indicating Captain Edwards' handcuffing plaintiff with no knowledge of any injury, when plaintiff refused an offer of medical assistance, was a Fourth Amendment violation or the law clearly was so established. In *Luchtel v. Hagemann*, the Ninth Circuit affirmed summary judgment based on a finding that no excessive force existed when officers handcuffed plaintiff and left her on the ground for ten minutes with a broken arm and dislocated shoulder, and even if excessive force existed the officers were entitled to qualified immunity. 623 F.3d 975, 982 (9th Cir. 2010); *see also Wall v. County of Orange*, 364 F.3d 1107 (9th Cir. 2004) (finding Fourth Amendment violation could exist based on alleged facts that dentist was arrested without any apparent crime, placed in tight handcuffs that officers refused to loosen for well over 20 minutes causing nerve damage ending dentist's career, and officers threw the dentist against a wall and head first into a police vehicle); *C.B. v. City of Sonora*, 769 F.3d 1005 (9th Cir. 2014) (use of handcuffs on calm, compliant but nonresponsive 11-year old, 80-pound child with ADHD surrounded by adults and leaving child in handcuffs in a locked car for a half an hour commute was unreasonable and officers were not entitled to qualified immunity).

Plaintiff appears to claim "rough" handcuffing while plaintiff was injured and remaining tightly handcuffed for too long. There is no dispute that it is standard practice and procedure to place suspects in handcuffs behind the back; anyone with a television knows this procedure. Plaintiff admits he did not tell Captain Edwards of any injury until *after* Captain Edwards handcuffed plaintiff and helped him to his feet, at which point Captain Edwards had no further physical contact with him. Plaintiff's own complaint admits that, after Lane County Sheriff deputies arrived, plaintiff reported shoulder pain to those deputies at which point the handcuffs were replaced and then removed by the deputies and medical personnel called, all within six and

Page 11 -  REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

a half minutes.  Complaint, ¶28.  It was objectively reasonable to have plaintiff in handcuffs when Captain Edwards had no idea plaintiff was injured and plaintiff refused Captain Edwards' offer of medical treatment.  Thereafter, Lane County Sheriff deputies took over.   For these reasons, there was no Fourth Amendment violation and Captain Edwards is entitled to qualified immunity.

**C.    MOTION 3:  PLAINTIFF IS BARRED FROM SEEKING NON-ECONOMIC DAMAGES ON ANY STATE LAW CLAIMS PURSUANT TO ORS 31.715**

Plaintiff does not dispute that ORS 31.715 prohibits recovery of non-economic damages in an action for injury arising out of the operation of a motor vehicle if the plaintiff was driving uninsured.  Plaintiff admits he was operating his motorcycle on a public highway on August 3, 2012 and that he did not have insurance when doing so as required by law, violating ORS 806.010.  Plaintiff does not dispute that his non-economic damages are generally barred in this action for injury arising out of operating his motorcycle while uninsured.  Plaintiff argues, without evidence, that plaintiff "has suffered substantial emotional distress, fear, anxiety and depression as a consequence of defendants' actions," although plaintiff stated in his deposition that he has not been diagnosed with depression.[4]

Plaintiff's only response to defendants' motion is that ORS 31.715 does not apply to intentional torts.  This is true, however, the admissible evidence in this case is that Captain Edwards did not intend to contact plaintiff's motorcycle, and the vehicle contact caused plaintiff's collarbone/rib injury.[5]  For this reason, there is no intentional tort that caused plaintiff's injury, and ORS 31.715 applies to bar non-economic damages.  There is no dispute that ORS 31.715 bars plaintiff from recovering non-economic damages on his negligence claim.

---

[4] Van Meter (Second) Dec., Exh. A, 62:2-3.  Depression is a medical condition requiring expert medical testimony.

[5] In fact, plaintiff appears to concede that Captain Edwards did not intentionally contact plaintiff's motorcycle. Response, p. 41; *see* Part E below.

Page 12 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
HJV/6768284-v1

D.    **MOTION 4: PLAINTIFF CANNOT RECOVER HIS CRIMINAL DEFENSE ATTORNEY'S RETAINER AS DAMAGES IN THIS CASE, AND CANNOT RECOVER ATTORNEY FEES ON HIS STATE LAW CLAIMS**

1.    **There Is No Claim Allowing Recovery of Criminal Defense Attorney Fees**

Plaintiff appears to seek a $4,000 criminal defense attorney retainer as damages, even though there is no dispute that plaintiff violated several laws in the incident at issue.  Plaintiff does not dispute that there are no claims that would allow plaintiff to recover *as damages* his criminal defense attorney retainer.  Indeed, plaintiff does not appear to respond to this motion at all.  For this reason, defendants are entitled to summary judgment on plaintiff's claim for criminal defense attorney fees as damages.

2.    **Plaintiff Cannot Recover Attorney Fees on His State Law Claims**

For each state law claim, plaintiff alleges he is entitled to an award of his attorneys fees.  However, plaintiff has not pleaded any statute or contract that would entitle him to an award of attorney fees on his state law claims, even if he were successful.  Plaintiff does not dispute that no statute, contract, or case law entitles him to attorney fees for these claims.  Again, plaintiff does not appear to respond to this motion at all.  Therefore, defendants are entitled to summary judgment in their favor on these elements of damages.

E.    **MOTION 5:  PLAINTIFF HAS NO VIABLE ASSAULT OR BATTERY CLAIMS, CAPTAIN EDWARDS' ACTIONS WERE JUSTIFIED AND EXPRESSLY AUTHORIZED BY LAW**

Plaintiff appears to concede that Captain Edwards did not intentionally contact plaintiff's motorcycle or commit a "battery" against plaintiff when he contacted plaintiff's motorcycle because plaintiff only argues, at page 41, that an assault and battery occurred when Captain Edwards used a push-kick, placed his knee on plaintiff's back and handcuffed him.  For this reason, defendants are entitled to summary judgment to the extent plaintiff's battery claim is based on the motorcycle contact.

With respect to the push-kick, knee and handcuffing, defendants established in their Motion that certain officials are expressly authorized by law to have physical contact with others

Page 13 -  REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
HJV/6768284-v1

in a way that may be offensive and, at times, even harmful. ORS 133.310, ORS 133.235(4). The Oregon Supreme Court has stated:

> [A] police officer is justified under Oregon law in using physical force when he or she believes it is reasonably necessary to make an arrest, *see Gigler v. Klamath Falls*, 21 Or. App. 753, 763, 537 P.2d 121 (1975), and a police officer is <u>presumed to be acting in good faith</u> in determining the amount of force necessary to make the arrest. *Rich v. Cooper,* 234 Or. 300, 309, 380 P.2d 613 (1963) (emphasis added).

*Ballard v. City of Albany,* 221 Or. App. 630, 641, 191 P.3d 679 (2008).

Plaintiff does not dispute that police officers' contact with others, including harmful or offensive contact, is expressly authorized by statute. Plaintiff does not dispute that, under Oregon law, police officers are justified in using physical force and are presumed to be acting in good faith in determining the amount of force needed to make an arrest. In fact, plaintiff does not appear to respond to defendants' cited statutes or case law at all. Plaintiff simply argues, in conclusory style, that plaintiff "has presented evidence that Edwards intended to cause physical harm… when he used unreasonable and callous excessive force." Response, p. 42. For these reasons, defendants are entitled to summary judgment in their favor on plaintiff's assault and battery claims.

**F.    MOTION 6:  PLAINTIFF HAS NO VIABLE NEGLIGENCE CLAIM BECAUSE CAPTAIN EDWARDS' ACTIONS WERE AUTHORIZED BY LAW**

As defendants stated in their Motion, under Oregon law, if the conduct that allegedly creates a foreseeable risk of harm is one <u>expressly authorized by law</u>, a negligence claim will not stand. *Lowrimore v. Dimmitt,* 310 Or. 291, 797 P.2d 1027 (1990). As noted in defendants' Motion, Captain Edwards had express statutory authority to pursue plaintiff for his violations of law, pursuant to ORS 810.410 and ORS 133.310. Captain Edwards also had express statutory authority to take actions to arrest plaintiff, pursuant to ORS 133.310 and ORS 161.235. Plaintiff does not appear to dispute or respond to these points. Plaintiff simply responds by stating the contact between plaintiff's motorcycle and Captain Edwards' vehicle was negligent, or is for the

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

jury to decide.  Response, pp. 42-43.  But plaintiff does not address the central point of defendants' Motion, that Captain Edwards' actions were authorized by law, therefore a negligence claim cannot stand.  For these reasons, defendants are entitled to summary judgment in their favor on plaintiff's negligence claim.

## CONCLUSION

The undisputed facts of this case show Captain Edwards followed plaintiff for several minutes while plaintiff created an unreasonably dangerous situation by driving at speeds from 80 to 100+ MPH, passing cars in double-yellow no passing zones, and not pulling over for several miles despite Captain Edwards' lights and siren.  At the busy intersection, Captain Edwards decided to end the pursuit by no longer following plaintiff and attempted to get close enough to see plaintiff's license plate to find him later, at which point plaintiff unexpectedly stopped and Captain Edwards made unintentional contact with plaintiff's motorcycle.  Plaintiff went down to the ground then quickly got back up, Captain Edwards got out of his car, drew his firearm and required plaintiff get on the ground, plaintiff did not immediately comply, Captain Edwards used a "push-kick" to plaintiff's chest area and plaintiff finally got on the ground, at which point Captain Edwards put his knee on plaintiff's back in order to put his gun away and handcuff plaintiff, read plaintiff his Miranda rights, and helped him to his feet.  Some time after getting to his feet, plaintiff began complaining of pain, then Lane County Sheriff deputies adjusted then removed his handcuffs.  The entire time between the collision and Lane County Sheriff deputies arriving and taking over was six and a half minutes, according to plaintiff's own Complaint ¶28.

Page 15 -  REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
HJV/6768284-v1

Based on the undisputed facts and applicable law, defendants are entitled to summary judgment in their favor on all of plaintiff's claims.

DATED September __14__, 2015.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


_____ *s/ Heather J. Van Meter* _____
HEATHER J. VAN METER #983625
ANDREW D. CAMPBELL #022647
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Andrew.D.Campbell@doj.state.or.us
Of Attorneys for Defendants State of Oregon
    and Robert Wayne Edwards