IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTIN MICHAEL WILKENS,

        Plaintiff,

        v.

ROBERT WAYNE EDWARDS, in his individual capacity; and THE STATE OF OREGON,

        Defendants.

Civ. No. 6:14-cv-00907-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

On August 3, 2012, defendant Robert Edwards ("Captain Edwards") drove northbound on Crow Road in an unmarked police vehicle to look for bank robbery suspects. Plaintiff Justin Wilkens ("Wilkens"), who was riding a motorcycle, subsequently passed Captain Edwards and proceeded to pass another vehicle in a no passing zone. Captain Edwards activated his police lights and began a high-speed pursuit that continued for approximately three minutes, ending when Captain Edwards's vehicle struck Wilkens's motorcycle at a low speed near the intersection of Crow Road and 11th Street. Shortly after impact, Captain Edwards pointed his firearm at Wilkens's head, "push-kicked" Wilkens in the upper-torso area, placed his knees on Wilkens's back to apply handcuffs, and pulled Wilkens to his feet.

This Court is asked to consider: (1) whether Captain Edwards's conduct constitutes excessive force under the Fourth Amendment; and (2) in the alternative, whether Captain Edwards's conduct in colliding with Wilkens's motorcycle constitutes negligence under Oregon

1 – OPINION AND ORDER

law. Because the existing record supports conflicting material inferences, this Court finds that it

cannot determine whether Captain Edwards violated the Fourth Amendment or whether his

conduct constitutes negligence. Thus, defendants' motion for summary judgment, ECF No. 27, is

GRANTED IN PART and DENIED IN PART, and defendants' motion to strike testimony, ECF

No. 52, is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND[1]

This action arises out of an alleged excessive use of force during the course of an arrest.

On August 3, 2012, Captain Edwards departed from the Oregon State Police patrol office located

in Springfield, Oregon, in an unmarked black Camaro to look for suspects following a bank

robbery that occurred at approximately 10:30 a.m. in Mapleton, Oregon. Captain Edwards

traveled to Crow Road, which is southwest of Eugene, Oregon.[2]

Captain Edwards, who was traveling northbound on Crow Road, was passed by Wilkens,

who was riding a motorcycle. Shortly thereafter, Wilkens unlawfully passed a white truck in a no

passing zone. Captain Edwards activated his police lights[3] and began to pursue plaintiff for

violating ORS § 811.420 and speeding. Wilkens accelerated and pulled away from Captain

Edwards, who was estimated to have been traveling 80 miles per hour.[4]

---

[1] These facts are largely taken from a dash camera recording of the incident.
[2] This Court takes "judicial notice of a Google map and satellite image as a 'source[] whose accuracy cannot reasonably be questioned' at least for the purpose of determining the" location of Crow Road. *See United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (citations omitted).
[3] Captain Edwards's unmarked police vehicle had four sets of red and blue lights, including: one set near the top of the windshield on the passenger's side; one set to the right and to the left of the headlights; one set in lieu of standard fog lights; and one smaller set under each turning signal. *See* Decl. of Heather J. Van Meter 11–12, 17–18, ECF No. 28.
[4] The parties dispute whether Wilkens exceeded the speed limit. However, Wilkens did not proffer any evidence to rebut Captain Edwards's declaration and deposition statements. *See* Second Decl. of Heather J. Van Meter 8, ECF No. 54 ("Q. What was your rate of speed through the duration of the pursuit that Captain Edwards was behind you? A. I'm not really sure.").

2 – OPINION AND ORDER

Approximately 30 seconds later, Wilkens slowed down near an "S" turn as he approached a slower moving car. Captain Edwards, who had closed in on Wilkens's motorcycle, activated his sirens as Wilkens passed the slower moving car in a no passing zone. Wilkens again accelerated and continued to pull away from Captain Edwards.

Approximately two minutes and thirty seconds later, Wilkens slowed as he approached a white SUV that was preparing to stop for a red light at the intersection of Crow Road and 11th Street. Wilkens continued to slow down as he merged into the turning lane, checked his side view mirror, activated his turning signal, and stopped as he pulled into the shoulder. Captain Edwards's vehicle collided with Wilkens's motorcycle at a slow speed, which was estimated at between three and five miles per hour.

Wilkens, who had been knocked off his motorcycle, quickly stood up. Captain Edwards simultaneously exited his police vehicle, pointed his firearm at Wilkens's head, and commanded Wilkens to get on the ground. Shortly thereafter, as Wilkens appeared to be complying with Captain Edwards's command by crouching, and lowering his head and torso toward the ground, Captain Edwards "push-kicked" Wilkens in the upper-torso area. Wilkens then lowered himself to the ground until he was on the pavement. Captain Edwards placed his knees on Wilkens's back to apply handcuffs. Captain Edwards subsequently read Wilkens his Miranda rights and pulled him to his feet.

Approximately five minutes later, Lane County Sheriff deputies responded to the scene. Wilkens complained about pain near his shoulder and was subsequently treated for a broken collarbone and left ribs. Wilkens was also issued citations for attempting to elude, ORS § 811.540; reckless driving, ORS § 811.140; recklessly endangering another person, ORS §

163.195; driving uninsured, ORS § 806.010; and passing in no passing zone, ORS § 811.420. Wilkens has not been indicted or prosecuted for any of these citations.

## STANDARD OF REVIEW

This Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

## DISCUSSION

Wilkens contends that Captain Edwards used excessive force in detaining him on August 3, 2012, for various criminal and civil driving infractions. Defendants move for summary judgment on plaintiff's excessive force claim and related state law claims for battery, assault, and negligence.

## I. Excessive Force[5]

---

[5] This Court declines to independently assess Wilkens's claims for battery and assault. Those claims, similar to Wilkens's claim under 42 U.S.C. § 1983, are contingent upon whether Captain Edwards's use of force was excessive under the Fourth Amendment. *See Price v. City of Sutherlin*, 945 F. Supp. 1147, 1157 (D. Or. 2013).

4 – OPINION AND ORDER

Defendants contend that Captain Edwards's actions during the course of Wilkens's arrest were reasonable under the Fourth Amendment, and in the alternative, are entitled to qualified immunity. *See* Defs.' Mot. Summ. J. 17–28, ECF No. 27. In response, Wilkens argues that Captain Edwards's actions were unreasonable in light of Wilkens's compliant behavior. *See* Pl.'s Mem. Opp'n Summ. J. 19–48, ECF No. 40.

To determine whether the amount of force used to effect an arrest is objectively reasonable under the Fourth Amendment, this Court must carefully balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation and internal quotation marks omitted). This objective inquiry evaluates the facts and circumstances confronting an individual officer without regard to that officer's intent or motivation. *Id.* at 397 (citations omitted).

As to the nature and quality of the intrusion, this Court "assess[es] the quantum of force used to arrest [Wilkens] by considering the type and amount of force inflicted." *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001) (citation and internal quotation marks omitted). Captain Edwards's police vehicle collided with Wilkens's motorcycle at a low speed. If this act was intentional,[6] then it violated department policy. *See* Decl. of Heather J. Van Meter 30, ECF No. 28 ("You can't do that with a motorcycle."); *see also Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (concluding that a rational jury could consider an officer's violation of department policy in assessing whether force was unreasonable). Defendants contend that this act resulted in Wilkens's broken clavicle and left ribs. *See* Decl. of Heather J. Van Meter 107–

---

[6] The parties dispute whether Captain Edwards intended to ram his vehicle into Wilkens's motorcycle. *Compare* Decl. of Heather J. Van Meter 46–49, ECF No. 28, *with* Decl. of Lauren Regan 3, ECF No. 47-1. This Court, having reviewed the dash camera recording, concludes that a trier of fact could reasonably find that Captain Edwards's post-collision behavior demonstrated his earlier intent to ram Wilkens's motorcycle.

13, ECF No. 28. Captain Edwards also pointed his firearm at Wilkens's head and "push-kicked" Wilkens in the upper-torso area, which *Wilkens* contends resulted in his broken clavicle and left ribs. *See* Decl. of Justin Wilkens 4, ECF No. 42. The parties dispute the manner in which Captain Edwards used his knees, applied handcuffs, and pulled Wilkens to his feet. *Compare* Decl. of Heather J. Van Meter 59–61, ECF No. 28, *with* Decl. of Justin Wilkens 2–3, ECF No. 42 ("While I was lying on the ground still wearing my helmet . . . officer Edwards repeatedly forced his knee into my back, using his weight to push upon my broken collarbone. I cried out in pain repeatedly."); Decl. of Lauren Regan 29, ECF No. 47-1.

As to the countervailing governmental interests at stake, this Court looks to the relevant factors identified in *Graham*, including:

> 1. The severity of the crime at issue;
>
> 2. Whether the suspect poses an immediate threat to the safety of the officers or others; and
>
> 3. Whether the suspect is actively resisting arrest or attempting to evade arrest by flight.

490 U.S. at 396. Wilkens accelerated away from Captain Edwards's vehicle *two* different times during the course of the three minute pursuit. An officer in *Captain Edwards's* position could reasonably believe that Wilkens intended to elude him under ORS § 811.540, which is a Class C felony in Oregon. *See Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) ("Probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed, is committing, or is about to commit an offense." (citation and internal quotation marks omitted)). Such an officer could also reasonably believe that an intended elude, if conducted at a high rate of speed and involving at least one pass in a no passing zone, could constitute reckless driving under ORS

6 – OPINION AND ORDER

§ 811.140 or reckless endangerment of another person under ORS § 163.195. Wilkens's actions

posed a threat to the other motorists on Crow Road, which numbered approximately eleven

vehicles traveling southbound and three vehicles traveling northbound. Moreover, the

intersection of Crow Road and 11th Street had significantly heavier traffic. The parties dispute

whether Wilkens intended to evade arrest by flight at the time of collision and whether Wilkens

resisted arrest following collision. *Compare* Decl. of Heather J. Van Meter 53–56, ECF No. 28,

*with* Decl. of Lauren Regan 26, 28–29, ECF No. 47-1. A trier of fact could reasonably find that,

based upon the dash camera recording, Wilkens was in the process of compliance when his

motorcycle was struck from behind, when Captain Edwards pointed a firearm at his head, and

when Captain Edwards "push-kicked" him in the upper-torso area.

As a result, this Court is unable to determine as a matter of law the nature and quality of

the intrusion or the governmental interests at stake. In the light most favorable to Wilkens,

Captain Edwards's intentional actions were more extreme than described in defendants' briefings

and occurred despite Wilkens's repeated attempts at compliance. This disputed material evidence

is best left for jury deliberation.[7]

## II. Negligence

---

[7] Defendants also move for summary judgment on the basis of qualified immunity. *See* Def.'s Mot. Summ. J. 18–28, ECF No. 27. In an action under 42 U.S.C. § 1983, an officer will be denied qualified immunity "only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood [his] conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citations omitted). As discussed above, this Court finds that a genuine issue of material fact exists under the first prong. As to the second prong, in the light most favorable to Wilkens, a reasonable officer would have understood that such intentional actions, particularly the ramming of a motorcycle under the circumstances, was unlawful at the time of the incident. *See Walker v. Davis*, 649 F.3d 502, 503–04 (6th Cir. 2011) (denying qualified immunity where police officer was alleged to have intentionally rammed a motorcycle with his police car in a rural, isolated area); *Donovan v. City of Milwaukee*, 17 F.3d 944, 951 (7th Cir. 1994) (granting qualified immunity, but recognizing that a trier of fact could find that an officer's intentional placement of his squad car in the path of a fleeing motorcycle violated the Fourth Amendment); *but see Abney v. Coe*, 493 F.3d 412, 416–21 (4th Cir. 2007) (concluding that a sheriff deputy did not violate the Fourth Amendment when he rammed a motorcycle under circumstances similar to those presented in *Scott v. Harris*, 550 U.S. 372 (2007)).

7 – OPINION AND ORDER

Defendants contend that Captain Edwards's collision was accidental and privileged under the circumstances. *See* Defs.' Mot. Summ. J. 33, ECF No. 27. In response, Wilkens argues that Captain Edwards's collision was the result of a careless attempt to ascertain Wilkens's license plate number and a failure to otherwise control his vehicle. *See* Pl.'s Mem. Opp'n Summ. J. 50, ECF No. 40.

"A person is negligent if the person fails to exercise reasonable care, a standard that is measured by what a reasonable person of ordinary prudence would, or would not, do in the same or similar circumstances." *Bjorndal v. Weitman*, 344 Or. 470, 478 (2008) (citations and internal quotation marks omitted). If an individual is the authorized driver of an emergency vehicle in pursuit of an actual or suspected violator of the law, that individual still has a "duty to drive with due regard for the safety of *all other persons*." ORS § 820.300; *see also* ORS § 820.320. Captain Edwards's decision to *institute* his pursuit of Wilkens's was expressly authorized by law and not negligent under the circumstances. *See Lowrimore v. Dimmitt*, 310 Or. 291, 297 (1990); *see also* ORS § 810.410 (authorizing detention for traffic infractions). This Court is reluctant to conclude as a matter of law, however, that there is *no* evidence of negligence on the part of Captain Edwards in *continuing* the pursuit. *Cf. Dee v. Pomeroy*, 109 Or. App. 114, 120–21 (1991) (considering the nature of the traffic offense, the speed of travel, and the officer's knowledge of road obstacles in reversing a directed verdict). Captain Edwards testified during deposition that he focused on Wilkens's license plate as he approached Wilkens's slowing vehicle at the intersection of Crow Road and 11th Street. *See* Decl. of Heather J. Van Meter 45, ECF No. 28 ("[P]art of the reason that you struck his motorcycle was because you were focused on trying to

read his license plate. . . . A. Yes, ma'am."). He also testified that he believed brake fade,[8] a

phenomenon he had previously experienced, contributed to the collision. *See* Decl. of Heather J.

Van Meter 49–50, ECF No. 28. A trier of fact could reasonably find that Captain Edwards acted

negligently in his continued pursuit. *Cf. Lowrimore*, 310 Or. at 297 ("This is best left to a jury to

decide.").[9]

### III. Barred Fees and Damages

Defendants move to bar Wilkens from recovering attorney fees and non-economic

damages on his state law claims. *See* Defs.' Mot. Summ. J. 28–30, ECF No. 27. Because

Wilkens only disputes his entitlement to non-economic damages, this Court's inquiry is limited

to that issue. *See* Pl.'s Mem. Opp'n Summ. J. 51–52, ECF No. 40.[10]

ORS § 31.715 provides, in relevant part:

> (1) Except as provided in this section, a plaintiff may not recover
> noneconomic damages, as defined in ORS 31.710, in any action for injury
> or death arising out of the operation of a motor vehicle if the plaintiff was
> in violation of ORS 806.010 . . . at the time the act or omission causing the
> . . . injury occurred. A claim for noneconomic damages shall not be
> considered by the jury if the jury determines that the limitation on liability
> established by this section applies to the claim for noneconomic damages.

.   .   .

> (5) The limitation on liability established by this section does not apply if:

.   .   .

---

[8] Captain Edwards described brake fade as follows: "[w]hen you're in a pursuit and you're using your brakes a lot, they heat up. And when the brakes heat up they lose their ability to work as well as a set of cool brakes." Decl. of Heather J. Van Meter 50, ECF No. 28.

[9] This Court notes that "[w]hen a defendant's conduct is willful and intentional it is no longer negligence. However, when the plaintiff could recover under either negligence or intentional conduct [and] the evidence supports both theories . . . the plaintiff is entitled to have both theories submitted to the jury." *Kaady v. City of Sandy*, CV 06-1269-PK, 2008 WL 5111101, at *26 (D. Or. Nov. 26, 2008) (citations and internal quotation marks omitted).

[10] Wilkens is barred from: (1) recovering attorney fees on his state claims, and (2) recovering his criminal defense attorney's retainer as damages on all claims.

9 – OPINION AND ORDER

> (b) The . . . injury resulted from acts or omissions of the defendant that constituted an intentional tort;
>
> (c) The defendant was engaged in conduct that would constitute a violation of ORS 811.140 at the time the act or omission causing the death or injury occurred[.]

Wilkens, who admitted during deposition that he lacked insurance in violation of ORS § 806.010, contends that the exceptions under §§ 5(b) and 5(c) entitle him to non-economic damages. As discussed above in section I, a trier of fact could reasonably find that Captain Edwards's conduct was unlawful and constituted an intentional tort under ORS § 31.715.

## IV. Defendants' Motion to Strike Testimony

Defendants also move to strike testimony submitted by Wilkens in response to summary judgment. *See* Defs.' Mot. Strike 1–3, ECF No. 52. That testimony includes Wilkens's perception of pain during the course of his arrest and the inclusion of a third-party surgeon's statements in Wilkens's own declaration. As to Wilkens's perception of pain, this Court is not convinced that FRE 701 precludes him from discussing the nature of his own injuries. As to third-party statements included in Wilkens's own declaration, such statements are clearly hearsay and inadmissible. *See* Decl. of Justin Wilkens 4, ECF No. 42 ("My surgeon informed me . . . that he thought it was more likely than not that my injury was caused by . . . Edwards'[s] kick . . . .").

## CONCLUSION

For these reasons, defendants' motion for summary judgment, ECF No. 27, is GRANTED IN PART and DENIED IN PART, and defendants' motion to strike testimony, ECF No. 52, is GRANTED IN PART and DENIED IN PART.

10 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this ___25___ day of October, 2015.

_____
Michael J. McShane
United States District Judge

11 – OPINION AND ORDER