Lauren C. Regan, OSB #970878
Justice Law Group
lregan@justicelaworegon.com
259 E. 5th Ave, Suite 300A
Eugene, OR 97401
Telephone: (541) 687-9180
Fax: (541) 686-2137
Attorney for Plaintiff Justin Michael Wilkens

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**, <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON,** <br><br> Defendants. | Case No. 6:14-cv-00907-MC <br><br> **PLAINTIFF'S MEMORANDUM RE: TRIAL DAMAGES** |

On December 8, 2015, this Court issued an Order requiring Plaintiff to: "disclose economic and non-economic damages by Friday 12/11/15."

Plaintiff had already provided the documents establishing his economic damages in response to the Defendants' discovery requests. Nonetheless, Plaintiff will submit evidence demonstrating $31,610.53 in economic damages to date. This figure does not include potential future medical costs because we have not received this information from Slocum Orthopedics/Dr. Sheerin (Plaintiff's surgeon).

Plaintiff should not be required to provide an amount of noneconomic damages for Defendants[1]. Computation of noneconomic damages is left to the finder of fact and is not the type of damages contemplated by FRCP 26(a)(1)(iii). *See Williams v. Trader Pub. Co.,* 218 F.3d 481, 487 n.3 (5th Cir. 2000). There are a wide range of reasonable jury awards for bodily injury, emotional and psychological suffering, and pain and suffering— particularly regarding police misconduct cases. Rule 26(a)(1) is not reasonably read to require Plaintiff to come up with arbitrary numbers for his intangible damages when a jury would have wide latitude to determine how much compensatory and punitive damages will be appropriate. Finally, other jurisdictions have ruled that forcing Plaintiff to disclose noneconomic damage information violates the attorney-client and attorney work product privileges.

Plaintiff will also seek punitive damages. Calculation of these damages is premature and also not susceptible to the type of calculation contemplated by Rule 26(a)(1). See *Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 386 (D. Tex. 1997).

If the court does not agree with this analysis, Plaintiff will seek a maximum of $500,000, but we ask the Court to grant a Motion in Limine forbidding Defendants from disclosing that number at trial since, once again, Plaintiff intends to allow the jury to

---

[1] Counsel notes that in her 18 years of litigating police misconduct cases, and after surveying several other Plaintiff's lawyers in Oregon, none had ever been compelled to provide a noneconomic damage amount pre-trial.

Page 2— **PLAINTIFF'S MEMORANDUM RE: TRIAL DAMAGES**

determine the amount, and is only disclosing this amount because of the Court's Order.

DATED December 10, 2015.

\_/s/ *Lauren C. Regan*_____
Lauren C. Regan, OSB #970878
Attorney for Justin Michael Wilkens

## CERTIFICATE OF SERVICE

I certify that on December 11, 2015, I served or caused to be served a true and complete copy of the foregoing Trial Memo: damages, on the party or parties listed below as follows:

____X_____     Via CM/ECF Filing

_____     Via First Class Mail, Postage Prepaid

____X____     Via Email

_____     Via Personal Delivery

HEATHER J. VAN METER #983625
Senior Assistant Oregon Attorney General
1162 Court Street NE
Salem, OR 97301-4096
Heather.J.VanMeter@doj.state.or.us
Attorneys for Defendants Robert Wayne Edwards and State of Oregon

JUSTICE LAW GROUP

____/s/ Lauren C. Regan_____
Lauren C. Regan, OSB # 970878
Justice Law Group
Of Attorneys for Plaintiff
259 East Fifth Ave., Suite 300A
Eugene, OR 97401
lregan@justicelaworegon.com
Tel: (541) 687-9180
Fax: (541) 686-2137
*Of Attorneys for Plaintiff*

Page 4— **PLAINTIFF'S MEMORANDUM RE: TRIAL DAMAGES**