Lauren C. Regan, OSB #970878
Justice Law Group
lregan@justicelaworegon.com
259 E. 5th Ave, Suite 300A
Eugene, OR 97401
Telephone: (541) 687-9180
Fax: (541) 686-2137
Attorney for Plaintiff Justin Michael Wilkens

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**, | Case No.  6:14-cv-00907-MC |
| Plaintiff, | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| v. | |
| **ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON**, | |
| Defendants. | |

Plaintiff hereby requests the following jury instructions.

Respectfully submitted December 14, 2015.


     */s/ Lauren C. Regan*
Lauren C. Regan, OSB # 970878
Justice Law Group
Of Attorneys for Plaintiff Justin Wilkens
259 East Fifth Ave., Suite 300A
Eugene, OR 97401
lregan@justicelaworegon.com
Tel: (541) 687-9180
Fax: (541) 686-2137
*Of Attorneys for Plaintiff*

**INDEX TO JURY INSTRUCTIONS**

**Ninth Circuit Manual of Model Jury Instructions 2007 (Civil); Oregon Uniform Civil Jury Instructions; And Special Instructions**

1.0 – Cover Sheet

1.1A – Duty of Jury –Beginning of Case

1.1C – Duty of Jury -- End of Case

Special Instruction 1 – Burden Of Proof And Preponderance Of The Evidence

1.6 – What Is Evidence

1.7 – What Is Not Evidence

1.8 – Evidence for Limited Purpose

1.9 – Direct and Circumstantial Evidence

1.10 – Ruling on Objections

Special Instruction 2 – All Persons Equal Before The Law

1.11 – Credibility of Witnesses

Special Instruction 3 – Credibility of Police Officers

Special Instruction 3A --Version 2 Testimony of Police Officers

Special Instruction 4 – Witness False In Part

1.12 – Conduct of the Jury; Cautionary Instruction-First Recess

1.13 – No Transcript Available to Jury

1.14 – Taking Notes

1.15 – Questions by Jury

1.18 – Bench Conferences and Recesses

1.19 – Outline of Trial

2.11 – Expert Opinion

Page 2— **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

3.1 – Duty to Deliberate

3.2 – Communication With Court

3.3 – Return of Verdict (with request for explanation)

Special Instruction 5 – Damages Introduction

5.1 - Damages -- Proof

5.2 – Measures of Types of Damages [Insert as above]

Special Instruction 6 – Compensatory Damages

5.5 – Punitive Damages

Special Instruction 7 – Plaintiff's Claim

9.2 – Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof

9.8 – Section 1983 Causation – [Insert – In order to establish that the acts of defendant Edwards deprived Plaintiff of his particular rights under the United States Constitution as explained in later instructions…]

Special Instruction 8 – No Specific Intent

9.22 – Excessive Force – Unreasonable Seizure – Lawful Arrest – Generally (with insertions and modification

Special Instruction 9 – Excessive Force – Pointing Gun

Special Instruction 10 – Excessive Force – Kicking

Special Instruction 11 – Handcuffing

Special Instruction 12 – Excessive Force – Use of Emergency Vehicle

Special Instruction 13--Police Officer-Created Risk

Special Instruction 14 – State of Oregon as Named Defendant on State Claims

Special Instruction 15 – Modified OR UCJI 20.01--Negligence and Causation

OR UCJI 20.02– Common-law Negligence

OR UCJI 20.06 – Foreseeability

OR UCJI No. 23.01– Causation – "But For"

OR UCJI No. 23.02– Causation – "Substantial Factor"

2.14-- Evidence In Electronic Format

**1.0 COVER SHEET**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**, <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON,** <br><br> Defendants. | Case No.  6:14-cv-00907-MC |

**JURY INSTRUCTIONS**

DATED: _____

_____
MICHAEL J. MCSHANE
U.S. District Court Judge

**1.1A DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**1.1C DUTY OF JURY**

(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Special Instruction 1**

**BURDEN OF PROOF AND PREPONDERANCE OF THE EVIDENCE**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue. This is a civil case and as such the plaintiff generally has the burden of proving the material allegations of his claims by a preponderance of the evidence. However, as will be explained in more detail when we discuss the particular claims themselves, on certain points the defendants have the burden of proof by a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proven by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than simple equality of evidence he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that what the party claims is more likely true than not true, that element will have been proven by a preponderance of evidence.

Lastly, you may have heard the phrase "proof beyond a reasonable doubt." This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this one and you should put it out of your mind.

Authority: Schwartz and Pratt, Section 1983 Litigation: Jury Instructions (2008 Supp.), Instruction 2.02.1, Second Editions, Aspen Publishers, 2009. Instruction 2.02.1. Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury Instructions (2012), Volume 4 (Civil), Instructions 73-1 and 73-2.

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into

evidence. Certain things are not evidence, and you may not consider them in deciding what the

facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What

they have said in their opening statements, [will say in their] closing arguments, and at other

times is intended to help you interpret the evidence, but it is not evidence. If the facts as you

remember them differ from the way the lawyers have stated them, your memory of them

controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients

to object when they believe a question is improper under the rules of evidence. You should not

be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is

not evidence and must not be considered. In addition sometimes testimony and exhibits are

received only for a limited purpose; when I [give] [have given] a limiting instruction, you must

follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You

are to decide the case solely on the evidence received at the trial.

## 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Special Instruction 2**

**ALL PERSONS EQUAL BEFORE THE LAW**

This case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. The defendants are not to be favored or disfavored because they are members of the Oregon State Police Department, nor is the plaintiff to be favored or disfavored because of his status or background. All parties are entitled to the same fair trial at your hands. They stand equal before the law, and are to be dealt with as equals in this court.

## 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

**Special Instruction 3**

**CREDIBILITY OF POLICE OFFICERS**

Several law enforcement officers have testified in this case. However, the testimony of a law enforcement officer is entitled to no special or exclusive sanctity. Rather, the testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating an officer's credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer. You should recall his demeanor on the stand, his manner of testifying, the substance of his testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater rights.

Authority: Adapted from Avery, Rudovsky & Blum, Police Misconduct: Law and Litigation, (2006) §12:8; *Lolli v. County of Orange*, 351 F.3d 410, 412-13 (9th Cir. 2003) ("The officers' version of the story, unsurprisingly, is very different."); *Butler v. City of Camden*, 352 F.3d 811, 816 (3d Cir. 2003) (jurors may be inclined to credit the testimony of a police officer either more or less because of his or her official status); *Briscoe v. LaHue*, 460 U.S. 325, 342, 103 S. Ct. 1108, 1119, 75 L. Ed. 2d 96 (1983) (the policeman in uniform may carry special credibility in the eyes of jurors; regarding immunity).

.

**SPECIAL INSTRUCTION 3A VERSION 2**

The testimony of a law enforcement officer is to be treated by you in the same manner as that of any other witnesses. All witnesses who appeared in the court swore to tell the truth.

Authority – *Lolli v. County of Orange*, 351 F.3d 410, 412-13 (9th Cir. 2003) ("The officers' version of the story, unsurprisingly, is very different."); *Butler v. City of Camden*, 352 F.3d 811, 816 (3d Cir. 2003) (jurors may be inclined to credit the testimony of a police officer either more or less because of his or her official status). This instruction was given by Judge Hogan in a local police misconduct trial (*Roy v. City of Eugene*, D. Or. 07-6290-HO).

**Special Instruction 4**

**WITNESS FALSE IN PART**

If you find that any person has intentionally given false testimony in some part, you may distrust the rest of that person's testimony.

Sometimes witnesses who are not lying may give incorrect testimony. They may forget matters or may contradict themselves. Also, different witnesses may observe or remember an event differently.

You have the sole responsibility to determine what testimony, or portions of testimony, you will or will not rely on in reaching your verdict.

AUTHORITY:  UCJI No. 10.04 (modified); *see State v. Seeger,* 4 Or. App. 336, 340-41, 479 P.2d 240 (1971) (jury may reject testimony of witness false in part of testimony).

## 1.12 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries,

searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## 1.13 NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**1.14 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 1.15 QUESTIONS TO WITNESSES BY JURORS

### Comment

Whether to allow jurors to ask questions is a subject debated among judges. Many state courts have modified their past practice and now allow questions by jurors. If a judge decides to allow questions, the following instruction and procedure is suggested.

### INSTRUCTION

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

## PROCEDURES

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

1. At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2. Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room;

3. The judge asks the question of the witness;

4. Counsel are permitted to ask appropriate follow-up questions; and

5. The written questions are made part of the record.

Each court is encouraged to develop a form for juror use. The form makes it easier for the court to retain the question for inclusion in the court record.

The form should include the case name and number. Most of the form's page should be set aside for the juror to use in writing the proposed question. A section should also be reserved for the court to use in noting the date and time when the question was proposed and noting whether

the judge allowed the question to be asked, either as proposed or as revised. The form may also

be used to provide jurors with additional information, or even just a reminder, about the

procedures discussed in this instruction.

## 1.18 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**1.19 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.11 EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 3.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**3.2 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### 3.3 RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

*Please explain that if jurors find that collision was intentional or deliberately indifferent/excessive force, they should not fill out the negligence portion of the verdict.  If they don't find excessive force, but do find negligence for the collision, they need to apportion that amount of damages caused only by the collision (such as damage to motorcycle, etc).

**Special Instruction 5**

**DAMAGES INTRODUCTION**

If plaintiff has proven by a preponderance of the evidence that the defendant is liable on one or more of his claims, then you must determine the damages to which plaintiff is entitled. If you find that the defendant is not liable to plaintiff on his claims, you need not consider the issue of damages.

If you return a verdict for the plaintiff, then you must award a sum of money that will justly and fairly compensate the plaintiff for any injury and all loss that resulted from the conduct of that defendant or those defendants.

Authority: Adapted from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury Instructions (2012), Volume 5 (Civil), Instruction 77-1.

## 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's excessive force or negligence claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;

- The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

- The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

- The reasonable value of necessary medical care, treatment, and services received to the present time;

- The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

- The reasonable value of necessary repairs to any property which was damaged;

- The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;

- The reasonable value of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## 5.2 MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and which with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;]

 [The reasonable value of necessary repairs to any property which was damaged;]


[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

**Special Instruction 6**

**COMPENSATORY DAMAGES**
**(to be provided in addition to measure of damages 5.2)**

The purpose of the law of damages is to award, as far as possible, sufficient damages to compensate a plaintiff for any injury and any loss proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole—that is, to compensate him for the damage suffered. Compensatory damages are not only for expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for deprivation of liberty, economic loss, physical injury, pain and suffering, emotional and mental anguish, and shock and discomfort that he or she has suffered because of the defendants' conduct.

**In determining the amount, if any, to be awarded to plaintiff for pain and suffering, you may take into consideration inconvenience and loss of enjoyment of life caused by the defendant's conduct. Loss of enjoyment of life involves the loss of or diminished ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life.**

**The law does not require a plaintiff to prove the amount of his losses with mathematical precision. You are to use your sound discretion in fixing an award, drawing all reasonable inferences where you deem appropriate from the facts and circumstances in evidence.**

**If you have found that the defendant's actions were unreasonable and the proximate cause of the plaintiff's harm, then you must award the plaintiff monetary damages for the injuries and harm.**

Page 36— **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Authority: Adapted from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury Instructions (2012), Volume 5 (Civil), Instruction 77-3.

## 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The

purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive

damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the

plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is

malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the

plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face

of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or

omission is oppressive if the defendant injures or damages or otherwise violates the rights of the

plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or

power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.

Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should

not reflect bias, prejudice or sympathy toward any party. In considering the amount of any

punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including

whether the conduct that harmed the plaintiff was particularly reprehensible because it also

caused actual harm or posed a substantial risk of harm to people who are not parties to this case.

Page 38— **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

**Special Instruction 7**

**PLAINTIFF'S CLAIMS AND DEFENSES--INTRODUCTION**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this case is Justin Wilkens. He is suing the defendants under a federal civil rights statute, 42 U.S.C. § 1983, and an Oregon statute, Negligence, which I will explain to you in greater detail shortly. Section 1983 provides a remedy, among other things, for individuals who have been deprived of their federal constitutional rights under color of state law. Mr. Wilkens has alleged that the defendant deprived him of his right to be free from unreasonable searches and seizures, when the officer used excessive force upon Mr. Wilkens during an arrest.

Mr. Wilkens also claims that Defendant Edwards was negligent when he drove his vehicle into Mr. Wilkens' motorcycle causing him injury and harm.

The defendants in this action are Oregon State Police Officer Robert Edwards regarding the 1983 excessive force claim, and the State of Oregon regarding the Oregon negligence claim. Defendants maintain that Officer Edwards acted reasonably and constitutionally at all times.

AUTHORITY:  9th Cir. Model 1.2

## 9.2 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his §1983 claim against the defendant Robert Edwards, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  the defendant acted under color of law; and

2.  the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the following Instructions that deal with the particular right, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**9.8 CAUSATION**

In order to establish that the acts of Defendant Edwards deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**Special Instruction 8**

**NO SPECIFIC INTENT**

Section 1983 does not require the plaintiff to demonstrate that the defendant acted

willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does

section 1983 require the plaintiff to show that the defendant abused governmental power.

Instead a plaintiff must prove the defendant acted with the mental state necessary to show

a violation of a particular right.

Authority: *Caballero v. Concord*, 956 F.2d 204 (9th Cir. 1992) ("It is well established that specific intent is not a prerequisite to liability under § 1983.") *citing Monroe v. Pape,* 365 U.S. 167, 187, 5 L. Ed. 2d 492 , 81 S. Ct. 473 (1961), *overruled on other grounds, Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 56 L.Ed. 2d 611, 98 S. Ct. 2018 (1978); *Allison v. Wilson,* 434 F.2d 646, 647 (9th Cir. 1970), *cert. denied,* 404 U.S. 863, 30 L. Ed. 2d 107 , 92 S. Ct. 43 (1971). *See also* Schwartz and Pratt, Section 1983 Litigation: Jury Instructions (2008 Supp.), Instruction 3.02.1.

## SPECIAL INSTRUCTION—MODIFIED 9.22

## PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force in any one of the following circumstances: (1) drove his vehicle into the back of Mr. Wilken's motorcycle; (2) pointed his gun at Mr. Wilkens' head; (3) kicked him in the upper chest and/or shoulder area; (4) improperly pulled him to his feet by his injured and handcuffed arm.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the act[s] that caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

Reasonableness is determined by examining the totality of the facts and circumstances of the case, including following factors:

Page 44— **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

1. The severity of the crime

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. whether the officer failed to warn the suspect; and

7. whether the officer considered or tried alternative tactics prior to using force.

If a police officer encounters a situation where there is no need for force, any force used is unreasonable.

You should consider all of these factors and determine whether, in light of these factors, Defendant Edwards acted reasonably when he used force against Mr. Wilkens.

Authority: *Graham v. Connor*, 490 U.S. 386 (1989); *Mattos v. Agarano*, 661 F.3d 433, 451 (9th Cir. 2011) (en banc); *Bryan v. MacPherson*, 630 F.3d 805, 830-31 (9th Cir. 2010); *Headwaters Forest Def. v. County of Humboldt*, 240 F.3d 1185, 1199 (9th Cir.2000), vacated and remanded on other grounds sub nom *County of Humboldt v. Headwaters Forest Def.*, 534 U.S. 801 (2001), *reaffirmed, Headwaters Forest Def. v. County of Humboldt*, 276 F.3d 1125 (9th Cir. 2002).

**Special Instruction 9**

**EXCESSIVE FORCE – POINTING GUN**

A police officer's use of force violates the Constitution if, judging from the totality of the

circumstances, the officer used greater force than was reasonably necessary.

Pointing a firearm at a person's head at close range may constitute excessive force, even

if there is no physical injury to the plaintiff.


Authority: *Robinson v. Solano County*, 278 F.3d 1007, 1015 (9th Cir. 2002) (holding that a viable
excessive force claim may be made where officer points a gun at a suspect's head at close range,
"especially where the individual poses no particular danger.").

**Special Instruction 10**

**EXCESSIVE FORCE – KICKING**

A police officer's use of force violates the Constitution if, judging from the totality of the circumstances, the officer used greater force than was reasonably necessary.

A kick is less-than-deadly force. Less-than-deadly force that may lead to serious injury may only be used when a strong governmental interest warrants its use, and in such circumstances should be preceded by a warning, when feasible.

A kick, therefore, may be excessive force if the circumstances indicate that the use of such force was greater than reasonably necessary.

Authority: *Liston v. County of Riverside*, 120 F.3d 965 (9th Cir. 1997); *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001); *Graham v. Connor,* 490 U.S. 386 S.Ct. 1865 L. Ed. 2d 443 (1989).

**Special Instruction 11**

**EXCESSIVE FORCE – HANDCUFFING**

A police officer's use of force violates the Constitution if, judging from the totality of the

circumstances, the officer used greater force than was reasonably necessary.

A police officer can be held liable for excessive force over the officer's handcuffing

tactics, including getting a person to their feet while handcuffed when taking a suspect into

custody.

Authority: *Wall v. County of Orange*, 364 F.3d 1107 (9th Cir. 2004); *LaLonde v. Cnty. of Riverside*, 204 F.3d 947 (9th Cir. 2000); *Alexander v. County of Los Angeles*, 64 F.3d 1315, 1322-23 (9th Cir. 1995); *Palmer v. Sanderson*, 9 F.3d 1433, 1434-36 (9th Cir. 1993); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989)

**Special Instruction 12**

**EXCESSIVE FORCE – USE OF EMERGENCY VEHICLE**

A police officer's use of force violates the Constitution if, judging from the totality of the circumstances, the officer used greater force than was reasonably necessary. Deadly force is force that creates a substantial risk of causing death or serious bodily harm.

In deadly force cases, where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. Colliding into a motorcycle with deliberate indifference to the risk of serious bodily harm may be excessive force.

Authority: *Chew v. Gates,* 27 F.3d 1432 (1994); *Tennessee v. Garner,* 471 U.S. 1, 11–12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Scott v. Harris,* 550 U.S. 372 S. Ct. 1769 L. Ed. 2d 686 (2007).

**Special Instruction 13**

**POLICE OFFICER-CREATED RISK**

In determining whether the defendant was responsible for Mr. Wilkens' injuries, you may

consider whether the officer's own reckless or deliberate conduct during the seizure

unreasonably created the need to use such force.


Authority:  *Cordova v. Aragon*, 569 F.3d 1183, 1188 (10th Cir. 2009); *see also Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002) ("[W]here an officer intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, he may be held liable for his otherwise defensive use of deadly force."); *Blankenhorn v. City of Orange*, 485 F.3d 463, 479-80 (9th Cir. 2007) (officers' precipitate actions could be deemed to have created or escalated the risk of harm to arrestee).

**Special Instruction 14**

**STATE OF OREGON AS NAMED DEFENDANT ON STATE CLAIM**

If you find for plaintiff on the negligence claim, you must find the State liable; on this

type of claim, the State is substituted for the State employee as the liable party.


Authority: Oregon Tort Claims Act, ORS 30.265(1)

**Special Instruction 15-modified OR UCJI 20.01**

**NEGLIGENCE AND CAUSATION**

Plaintiff's negligence claim only pertains to the collision between Defendant Edwards' vehicle and Mr. Wilkens' motorcycle, and the harm that resulted from that collision.

If you find that Defendant Edwards used excessive force when he drove his vehicle into the motorcycle, you do not need to determine this negligence claim. In other words, if you determine that Defendant Edwards drove into Plaintiff either intentionally or with deliberate indifference, as I have explained those terms to you earlier, you need not determine whether he drove negligently. In the alternative, if you find that Defendant Edwards did not drive into the motorcycle with intent or deliberate indifference, then you must proceed to determine whether he drove negligently.

The law assumes that all persons have obeyed the law and have been free from negligence. The mere fact alone that an accident happened or that a person was injured is not sufficient of itself to prove negligence. It is, however, a circumstance that may be considered along with other evidence.

To recover on his negligence claim, the plaintiff must prove two things by a preponderance of the evidence: (1) that the defendant was negligent in causing his vehicle to collide with plaintiff; and (2) that the defendant's negligence was a cause of damage to the plaintiff.

The driver of an emergency vehicle is not relieved from the duty to drive with due regard for the safety of all other persons.

Authority: Oregon UCJI No. 20.01 (2014); ORS 820.300, ORS 820.320.

Page 52— **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**OR UCJI 20.02--COMMON-LAW NEGLIGENCE**

The Plaintiff claims that the Defendant was negligent when his police vehicle collided with Plaintiff's stopped motorcycle causing injury to the Plaintiff and damage to his motorcycle and helmet.

The law requires every person to use reasonable care to avoid harming others. Reasonable care is the degree of care and judgment used by reasonably careful people in the management of their own affairs to avoid harming themselves or others.

In deciding whether a party used reasonable care, consider the dangers apparent or reasonably foreseeable when the events occurred. Do not judge the party's conduct in light of subsequent events; instead consider what the party knew or should have known at the time.

A person is negligent, therefore, when that person does some act that a reasonably careful person would not do, or fails to do something that a reasonably careful person would do under similar circumstances.

Authority: Oregon UCJI No. 20.02 (2014)

### OR UCJI 20.06 --FORESEEABILITY

A person is liable only for the reasonably foreseeable consequences of his or her actions. There are two things that must be foreseeable. First, the plaintiff must be within the general class of persons that one reasonably would anticipate might be threatened by the defendant's conduct. Second, the harm suffered must be within the general class of harms that one reasonably would anticipate might result from the defendant's conduct.

Authority: Oregon UCJI No. 20.06 (2014)

## OR UCJI No. 23.01-- CAUSATION—"BUT FOR"

The defendant's conduct is a cause of the plaintiff's harm if the harm would not have

occurred but for that conduct; conversely, the defendant's conduct is not a cause of the plaintiff's

harm if that harm would have occurred without that conduct.

Authority: Oregon UCJI No. 23.01 (2014)

**OR UCJI No. 23.02-- CAUSATION—"SUBSTANTIAL FACTOR"**

Many factors [or things] may operate either independently or together to cause [harm / injury]. In such a case, each may be a cause of the [harm / injury] even though the others by themselves would have been sufficient to cause the same [harm / injury].

If you find that the defendant's act was a substantial factor in causing the [harm / injury] to the plaintiff, you may find that the defendant's conduct caused the [harm / injury] even though it was not the only cause. [A substantial factor is an important factor and not one that is insignificant.]

Authority: Oregon UCJI No. 23.02 (2014)

## 2.14 EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to view the exhibits on the computer. If you need additional equipment or supplies, you may make a request by sending a note. In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to my courtroom deputy, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with my courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data

from the jury room, and do not copy any such data.

## CERTIFICATE OF SERVICE

I certify that on December 14, 2015, I served or caused to be served a true and complete copy of the foregoing Plaintiff's Proposed Jury Instructions, on the party or parties listed below as follows:

_____X_____        Via CM/ECF Filing

_____        Via First Class Mail, Postage Prepaid

___X___           Via Email

_____        Via Personal Delivery

HEATHER J. VAN METER #983625
Senior Assistant Oregon Attorney General
1162 Court Street NE
Salem, OR 97301-4096
Heather.J.VanMeter@doj.state.or.us
Attorneys for Defendants Robert Wayne Edwards and State of Oregon

JUSTICE LAW GROUP

_____/s/ Lauren C. Regan_____
Lauren C. Regan, OSB # 970878
Justice Law Group
Of Attorneys for Plaintiff
259 East Fifth Ave., Suite 300A
Eugene, OR 97401
lregan@justicelaworegon.com
Tel: (541) 687-9180
Fax: (541) 686-2137
*Of Attorneys for Plaintiff*