ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
DIRK L. PIERSON #941281
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us
            Dirk.L.Pierson@doj.state.or.us

Attorneys for Defendants Robert Wayne Edwards and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**, | Case No.  6:14-cv-00907-MC |
| Plaintiff, | DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS |
| v. | |
| **ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON**, | |
| Defendants. | |

Defendants request the Court instruct the jury with the below-numbered instructions from the Model Jury Instructions for the Ninth Circuit, the Oregon Uniform Civil Jury Instructions, and the attached special instructions. Microsoft Word version of all requested instructions will be separately e-mailed to the court.

**Ninth Circuit Model Civil Jury Instructions requested:**

*Instructions on Trial Process*

1.      1.1A    Duty of Jury (Court Reads and Provides Written Instructions - Preliminary)

Page 1 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
           HJV/7041734-v1
                        Department of Justice
                        1162 Court Street NE
                        Salem, OR 97301-4096
                    (503) 947-4700 / Fax: (503) 947-4791

2.     1.1C    Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

3.     1.2     Claims and Defenses (modified – see below)

4.     1.3     Burden Of Proof—Preponderance of the Evidence

5.     1.5     Two or More Parties – Different Legal Rights

6.     1.6     What Is Evidence

7.     1.7     What Is Not Evidence

8.     1.8     Evidence for a Limited Purpose (if applicable)

9.     1.9     Direct and Circumstantial Evidence (including example in comment section)

10.    1.10    Ruling on Objections

11.    1.11    Credibility of Witnesses

12.    1.12    Conduct of the Jury

13.    1.13    No Transcript Available to Jury

14.    1.14    Taking Notes

15.    1.18    Bench Conferences and Recesses (if applicable)

16.    1.19    Outline of Trial

*Instructions on Types of Evidence*

17.    2.2     Stipulations of Fact (insert agreed facts from Pretrial Order)

18.    2.10    Use of Interrogatories of a Party

19.    2.11    Expert Opinion (if applicable)

*Instructions Concerning Deliberations*

20.    3.1     Duty to Deliberate

21.    3.1A    Consideration of Evidence – Conduct of the Jury

22.    3.2     Communication with Court

23.    3.3     Return of Verdict

*Damages*

Page 2 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
            HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

24.  5.1    Damages—Proof (modified: economic and/or non-economic damages on plaintiff's first claim, economic damages only on plaintiff's second claim)

25.  5.3    Damages - Mitigation

*Civil Rights Actions – 42 U.S.C. §1983*

26.  9.1    Section 1983 Claim – Introductory Instruction (modified: "his first claim")

27.  9.2    Section 1983 Claim Against Defendant In Individual Capacity – Elements and Burden of Proof (modified: "defendant Edwards" and the parties stipulate to his acting "under color of state law")

28.  9.8    Causation (modified: "defendant Edwards")

29.  9.18   Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally (modified: for factual basis of claim insert "apprehending plaintiff," and insert plaintiff and defendant names)

30.  9.22   Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive (Nondeadly) Force (modified: in first sentence state "in making a lawful arrest," for factual basis of claim insert "apprehending plaintiff")

31.  9.26   Qualified Immunity (comment for court only, not to be read to jury)

**Oregon Uniform Civil Jury Instructions**

32.  § 20.01    Common Law Negligence – Introduction and Elements (modified: "defendant State of Oregon")

33.  § 20.02    Negligent Conduct Defined

34.  § 20.03    Foreseeability

35.  § 20.05    Statute, Rule, or Standard as Evidence Whether Plaintiff Acted With Reasonable Care (modified - see below)

36.  § 20.06    Right to Assume Law Obeyed

37.  § 21.01    Comparative Negligence

38.  § 21.02    Comparative Fault/Negligence

Page 3 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
           HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

| | | |
|---|---|---|
| 39. | § 23.01 | Causation – "But For" |
| 40. | § 70.02 | Damages – Non-economic (modified: include (1) and (2) only, need to insert plaintiff's non-economic damages figure) |
| 41. | § 70.03 | Damages – Economic |
| 42. | § 70.09 | Tort Damages – Destruction of or Damage to Personal Property |
| 43. | § 70.16 | Damages—Bar of Noneconomic Damages (Uninsured) |
| 44. | § 73.01 | Damages—Avoidable Consequences |

### Defendants' Requested Special Instructions

1. Qualified Immunity
2. Acts of the State of Oregon
3. Evaluating Defendant's Motivation
4. Presumptions
5. Use of Force for Legal Arrest

DATED December __23__, 2015.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Heather J. Van Meter_
HEATHER J. VAN METER #983625
DIRK L. PIERSON #941281
Senior Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Dirk L. Pierson@doj.state.or.us
Of Attorneys for Defendants State of Oregon
    and Robert Wayne Edwards

Page 4 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
         HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Defendant's Requested Jury Instruction No. 3

Ninth Circuit Model Civil Jury Instruction 1.2

Claims and Defenses (modified)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that defendant Edwards used excessive force against him on August 3, 2012, in violation of his Fourth Amendment right to be free from unreasonable seizure of his person.  The plaintiff claims that defendant Edwards' actions caused his injuries.

The plaintiff also claims that defendant State of Oregon was negligent in the events on August 3, 2012.  Plaintiff claims that defendant State of Oregon's negligence caused him economic damages.

Defendants deny plaintiff's claims.  Defendants also assert defenses of qualified immunity, justification, comparative fault by plaintiff, and plaintiff's own failure to mitigate his damages.  Plaintiff denies defendants' defenses.

Page 5 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
           HJV/7041734-v1
                              Department of Justice
                              1162 Court Street NE
                              Salem, OR 97301-4096
                         (503) 947-4700 / Fax: (503) 947-4791

Defendants' Requested Jury Instruction No. 29

Ninth Circuit Model Civil Jury Instruction 9.18

Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally

As previously explained, the plaintiff has the burden to prove that the acts of defendant Edwards deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges defendant Edwards deprived him of his rights under the Fourth Amendment to the Constitution when he apprehended plaintiff.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove defendant Edwards deprived the plaintiff of his Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Edwards seized the plaintiff's person;

2. in seizing the plaintiff's person, defendant Edwards acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the person's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1. the number of officers present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the officer's manner would imply that compliance would be compelled; and

Page 6 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
          HJV/7041734-v1
                              Department of Justice
                              1162 Court Street NE
                              Salem, OR 97301-4096
                          (503) 947-4700 / Fax: (503) 947-4791

      5.      whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objected to engage in particular conduct. Thus, the plaintiff must prove defendant Edwards meant to engage in the acts that caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove defendant Edwards intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves defendant Edwards acted negligently, accidentally or inadvertently.

Page 7 -    DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
         HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Defendants' Requested Jury Instruction No. 30

Ninth Circuit Model Civil Jury Instruction 9.22

Particular Rights – Fourth Amendment – Unreasonable Seizure of Person –

Excessive (Nondeadly) Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when apprehending plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to take the plaintiff into custody.

Page 8 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
           HJV/7041734-v1
                         Department of Justice
                         1162 Court Street NE
                         Salem, OR 97301-4096
                    (503) 947-4700 / Fax: (503) 947-4791

Defendants' Requested Jury Instruction No. 35

Oregon Uniform Civil Jury Instruction No. § 20.05

Statute, Rule, or Standard as Evidence Whether Plaintiff Acted With Reasonable Care (modified)

You may consider as evidence the following statutes in determining whether plaintiff acted with reasonable care:

**Or. Rev. Stat. 811.540 Fleeing or attempting to elude police officer; penalty.** (1) A person commits the crime of fleeing or attempting to elude a police officer if:
    (a) The person is operating a motor vehicle; and
    (b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and either:
    (A) The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer; or
    (B) The person gets out of the vehicle and knowingly flees or attempts to elude the police officer.
    * * *
    (3) The offense described in this section, fleeing or attempting to elude a police officer, is applicable upon any premises open to the public and: (a) Is a Class C felony if committed as described in subsection (1)(b)(A) of this section; or (b) Is a Class A misdemeanor if committed as described in subsection (1)(b)(B) of this section.

**Or. Rev. Stat. 811.140 Reckless driving; penalty.** (1) A person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property. * * * (3) The offense described in this section, reckless driving, is a Class A misdemeanor and is applicable upon any premises open to the public.

**Or. Rev. Stat. 163.195 Recklessly endangering another person.** (1) A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person. (2) Recklessly endangering another person is a Class A misdemeanor.

**Or. Rev. Stat. 811.100 Violation of basic speed rule; penalty.** (1) A person commits the offense of violating the basic speed rule if the person drives a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to all of the following: (a) The traffic. (b) The surface and width of the highway. (c) The hazard at intersections. (d) Weather. (e) Visibility. (f) Any other conditions then existing.

Page 9 -    DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

(2) The following apply to the offense described in this section:

(a) The offense is as applicable on an alley as on any other highway.

(b) Speeds that are prima facie evidence of violation of this section are established by ORS 811.105.

(c) This section and ORS 811.105 establish limitation on speeds that are in addition to speed limits established in ORS 811.111. * * *

(4) The offense described in this section, violating the basic speed rule, is a Class B traffic violation if the person drives a vehicle upon a highway at a speed that is not reasonable and prudent under the circumstances described in subsection (1) of this section even though the speed is lower than the appropriate speed specified in ORS 811.105 as prima facie evidence of violation of the basic speed rule.

**Or. Rev. Stat. 811.105 Speeds that are evidence of basic rule violation.** (1) Any speed in excess of a designated speed posted by authority granted under ORS 810.180 is prima facie evidence of violation of the basic speed rule under ORS 811.100.

(2) If no designated speed is posted by authority granted under ORS 810.180, any speed in excess of one of the following speeds is prima facie evidence of violation of the basic speed rule:

(a) Fifteen miles per hour when driving on an alley or a narrow residential roadway.

(b) Twenty miles per hour in a business district.

(c) Twenty-five miles per hour in any public park.

(d) Twenty-five miles per hour on a highway in a residence district if:

(A) The residence district is not located within a city; and

(B) The highway is neither an arterial nor a collector highway.

(e) Fifty-five miles per hour in locations not otherwise described in this section.

**Or. Rev. Stat. 811.420 Passing in no passing zone; exceptions; penalty.** (1) A person commits the offense of passing in a no passing zone if the person drives a vehicle on the left side of a roadway in a no passing zone that has been established and designated to prohibit such movements by appropriate signs or markings posted on the roadway. * * *

(4) The offense described in this section, passing in a no passing zone, is a Class B traffic violation.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## Defendants' Requested Special Jury Instruction No. 1
## QUALIFIED IMMUNITY

Defendant Edwards has asserted the defense of qualified immunity. This defense shields government agents from suits for damages if a reasonable official performing discretionary functions could have believed that his conduct was lawful. Qualified immunity shields all government officials except those who are either plainly incompetent or who knowingly violated the law.

Defendant Edwards contends that the actions he took relating to plaintiff were justified by the reasonable belief that these actions were permitted and, therefore, lawful. You should consider this defense objectively: whether reasonable government officials under the same circumstances would believe that they had a legitimate basis for taking such action.

If defendant Edwards reasonably believed that his actions were lawful, and acted on the basis of that belief, then this reasonable belief constitutes a complete defense to the plaintiff's claims even though, in fact, his actions may not have been lawful. In other words, even if you find that plaintiff's constitutional rights were violated, defendant Edwards cannot be liable if he reasonably believed, at the time he acted, that his actions were in accordance with the law.

---

*See Anderson v. Creighton*, 483 U.S. 635, 637-39, 641 (1987); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (This standard shields all government officials except those who are either plainly incompetent or who knowingly violate the law); Ninth Circuit MCJI No. 9.26 (Comment); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1211 (9th Cir. 2008), *cert. denied*, 129 S. Ct.__ (2009) (Qualified immunity may be submitted to the jury when historical facts material to the defense are in dispute); *Ortega v. O'Connor*, 146 F.3d 1149, 1154-56 (9th Cir. 1998); *see also* Vol. 4, Sect. 1983 Lit. Jury Inst., § 17.02, at 17-19 (2d ed. 2009).

Page 11 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## Defendants' Requested Special Jury Instruction No. 2
## ACTS OF THE STATE OF OREGON

You cannot return a verdict against defendant Edwards merely because you find that the policies or practices of the State of Oregon or the Oregon State Police caused damage to plaintiff.

*See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Hafer v. Melo*, 502 U.S. 21 (1991); Eleventh Amendment to the United States Constitution.

Page 12 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
            HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Defendants' Requested Special Jury Instruction No. 3**

**EVALUATING DEFENDANT'S MOTIVATION**

   The focus of your deliberations on plaintiff's claims against defendant Edwards must be whether plaintiff has established by preponderance of the evidence that actions taken by defendant Edwards were substantially motivated by unlawful intent.  It is not your role to decide whether you would have made the same decision as defendant Edwards.  It is not your role to decide whether defendant Edwards made the best or even sound decisions.  You must decide whether defendant Edwards acted with the intent to unlawfully deprive plaintiff of his constitutional rights.

   *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1109 (3rd Cir. 1997); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996).

Page 13 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## Defendants' Requested Special Jury Instruction No. 4

### PRESUMPTIONS

You are to consider only the evidence in this case. You are also permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by the evidence in the case to the contrary, you should apply the following presumptions in your deliberations:

Government officials, including police officers, are presumed to act in accordance with the law and properly discharge their official duties.

*See* FRE 301; *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926); *Hilker & Bletsch Co. v. United State*s, 210 F.3d 847, 850 (7th Cir. 1954); *Boissonnas v. Acheson*, 101 F. Supp. 138, 153 (S.D. N.Y. 1951).

Page 14 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
            HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Defendant's Requested Special Jury Instruction No. 5**

**USE OF FORCE FOR LEGAL ARREST**

     Under Oregon law, a police office is justified in using physical force in making an arrest or in preventing an escape to the extent the officer reasonable believes it to be necessary. The focus is on the officer's state of mind, and the plaintiff has the burden to show that the defendant did not reasonable believe the force he used to be necessary in either arresting plaintiff or preventing his escape. If the plaintiff fails to prove the officer's state of mind that his actions were unreasonable then the defendant's use of force was justified.

---

ORS 166.235; ". . .the jury instructions based on ORS 161.235 and ORS 161.239, which describe *an officer's* right to use force, including deadly force, in effectuating an arrest or preventing an escape. Those statutes, and the instructions that the court gave the jury based on them, provide that an officer is justified in using the degree of physical force in those circumstances that the officer reasonably believes is necessary." *State v. Oliphant*, 347 Or. 175, 194, 218 P.3d 1281, 1292 (2009)

Page 15 -   DEFENDANTS' CORRECTED REQUESTED JURY INSTRUCTIONS
    HJV/7041734-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791