ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
DIRK L. PIERSON #941281
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us
        Dirk.L.Pierson@doj.state.or.us

Attorneys for Defendants Robert Wayne Edwards and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**, | Case No.  6:14-cv-00907-MC |
| Plaintiff, | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE |
| v. | |
| **ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON**, | |
| Defendants. | |

Defendants respond to plaintiff's 31 Motions in Limine ("MILs") in the following chart

for ease of reference, and in detail below the chart as necessary.

| **Plaintiff's Motion** | **Defendants' Response** | **Ruling** |
|---|---|---|
| 1. Exclusion of Witnesses | No objection, see also Defendants' MIL #15 | |
| 2. Exclude Witness Statements Re "Legal Conclusions" | Defendants agree in part and object in part: "legal conclusion" (i.e. statement of law) testimony is not permitted, but other testimony cited by plaintiff does not constitute "legal conclusion" testimony and must be allowed, see discussion for MIL #2 below | |

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE
HJV/6931258-v1

| | | |
|---|---|---|
| 3.  Credibility of Other Witnesses | Defendants agree in part and object in part: witnesses are not to comment on credibility of other witnesses, either favorably or unfavorably, however attorneys are free to do so in argument provided personal opinion is avoided (e.g. "I believe in plaintiff's claims" or "I don't believe plaintiff") | |
| 4.  Personal Belief of Counsel[1] | As with MIL #3, defendants agree in part and object in part: witnesses are not to comment on credibility of other witnesses, however attorneys are free to do so provided personal opinion is avoided, and attorneys are free to point out inconsistencies and otherwise comment on the merits of plaintiff's claims, injuries or damages, including plaintiff's financial and other motives for his claims | |
| 5.  Ex Parte Statements | Defendants do not understand this motion, but object to the extent plaintiff seeks to prohibit proper cross-examination and impeachment of witnesses | |
| 6.  Testimony of Unavailable Witness | As with #5, defendants do not understand this motion, but object to the extent plaintiff seeks to prohibit proper cross-examination and impeachment of witnesses | |
| 7.  Reference to Limine Rulings | As with #5, defendants do not understand this motion, but object to the extent plaintiff seeks to prohibit proper cross-examination and impeachment of witnesses. Defendants agree that, for example, if the court excludes reference to plaintiff's other police contacts, and plaintiff does not open the door, then defendants will not reference that other police contacts exist and plaintiff prevented defendants from discussing them. | |
| 8.  Preclude Plaintiff History of Illicit Drug Use | Defendants agree in part and object in part: Defendants do not intend to introduce such evidence or testimony unless plaintiff opens the door or it becomes relevant to plaintiff's medical testimony/evidence (see Defendants' MIL #6-8, 10)[2] | |
| 9.  Criminal History and Other Bad Acts | Defendants agree in part and object in part: Defendants agree F.R.E. 404 character evidence is inadmissible (see Defendants' MIL #7). Defendants do not intend to introduce evidence or testimony regarding plaintiff's criminal history and other bad acts unless plaintiff opens the door or it becomes relevant to plaintiff's | |

[1] Defendants will not respond to plaintiff's personal characterizations and attacks on defendants' counsel contained in this and other plaintiff motions.

[2] Plaintiff's reference in MIL #8 and 11 to his deposition improperly eliciting testimony regarding illicit drug use or other issues is not well taken, as plaintiff had a pending IIED claim at the time of his deposition, and continues to claim "fear of police contact" and other emotional distress damages and a limited ability to use his left arm.

Page 2 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE
         HJV/6931258-v1

| | | |
|---|---|---|
| | medical testimony/evidence (see Defendants' MIL #6-8, 10). To the extent plaintiff intends this motion to apply to the citations issued by LCSO on August 3, 2012, defendants object to the extent plaintiff disputes a "lawful arrest" or that probable cause existed or if plaintiff seeks to argue that the charges were not pursued by the district attorney (plaintiff opens the door with these arguments). | |
| 10. Unrelated Medical Records and Treatment | Defendants agree in part and object in part: Defendants will only discuss medical records and treatment unrelated to the August 3, 2012 incident to the extent it is relevant and for purposes of cross-examination and impeachment (e.g. inconsistent statements, alternative explanations for claimed injuries). Defendants do not intend to introduce evidence or testimony regarding plaintiff's ADD, infections or other health conditions unless plaintiff opens the door or it becomes relevant to plaintiff's medical testimony/evidence | |
| 11. Plaintiff's Sexual History, Family Relationships | Defendants agree in part and object in part: Defendants do not intend to introduce evidence or testimony regarding plaintiff's sexual history or family relationships unless plaintiff opens the door or it becomes relevant to plaintiff's medical testimony/evidence. Defendants object to barring testimony regarding plaintiff's work history and income, as plaintiff's witnesses propose to testify regarding plaintiff's inability to work. To the extent plaintiff elicits such testimony, although not relevant because plaintiff has no lost income claim, plaintiff opens the door to defendants admitting evidence and testimony contradicting such "inability to work" testimony. | |
| 12. Employment of Counsel/Fees | Defendants agree in part and object in part: Defendants agree no mention of plaintiff's attorney fee arrangement is proper (see Defendants' MIL #16). Defendants object regarding excluding evidence and testimony about the timing of plaintiff considering a lawsuit against defendants as well as plaintiff being sent to doctors by his lawyer, as this testimony relates to plaintiff's motive for filing the lawsuit and motive for creation of certain evidence and testimony, which is routine and fair cross-examination and impeachment. *Allan v. Cummings*, 192 F. App'x 654, 655 (9th Cir. 2006). | |
| 13. Plaintiff's Use of Award | Defendants agree in part and object in part: Defendants agree no mention of what plaintiff will do with an award is proper from any witness, including plaintiff, and must be excluded. Defendants object regarding excluding evidence and | |

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

| | | |
|---|---|---|
| | testimony about plaintiff's "setting up to sue," as this testimony relates to plaintiff's motive for filing the lawsuit and motive for creation of certain evidence and testimony, which is routine and fair cross-examination and impeachment. *Allan v. Cummings*, 192 F. App'x 654, 655 (9th Cir. 2006). | |
| 14. Defendant Edwards Testimony Re Basis for Use of Force | Defendants agree in part and object in part, post-incident information should be excluded (see also Defendants' MIL #1), but pre-incident information, knowledge, training, experience must be admitted as part of the "reasonable officer on the scene" standard, see discussion for MIL #14 below | |
| 15. Defendant's Commendations/Awards | Defendants agree in part and object in part: Defendants agree documents reflecting his prior and subsequent commendations and awards will not be admitted unless plaintiff opens the door, defendants object to the extent plaintiff seeks to prevent defendant Edwards from testifying regarding his career at Oregon State Police including promotions, commendations and awards | |
| 16. Effect of Claims on Policing | Defendants agree in part and object in part: Defendants do not intend to introduce such evidence or testimony unless plaintiff opens the door | |
| 17. Exclude Plaintiff's Arrest as "Lawful" | Defendants object: this request contradicts plaintiff's own requested Ninth Circuit Jury Instruction 9.22 (using "in making lawful arrest" language), there is no dispute that the arrest was lawful and supported by probable cause, plaintiff admits in the motion itself the arrest was "lawful in terms of a claim of false arrest," but that excessive force may have been used during the lawful arrest, and the jury must be instructed or else evidence introduced that the arrest itself was lawful and supported by probable cause and no claim for an unlawful arrest exists in the case. | |
| | Additionally, to the extent plaintiff references plaintiff's citations issued by Lane County Sheriff's Office and the district attorney's subsequent decisions and actions, and attempts to argue why prosecution was not pursued, defendants must be permitted to present evidence and testimony on this point, plaintiff can choose to open the door or not. | |
| | See discussion for MIL #2 below, incorporated herein by reference | |
| 18. Defendants' Burden to Pay Judgment | Defendants agree in part and object in part: defendants will not claim plea of poverty, reference insurance or possible increase in taxes or make similarly impermissible evidence or argument. | |
| | However, plaintiff has sued defendant Edwards personally, and defendants are entitled to point this out | |

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

| | | |
|---|---|---|
| | to the jury and have the jury instructions and verdict form so reflect plaintiff's claims. Additionally, plaintiff seeks punitive damages from defendant Edwards, which is expressly for the purpose of *punishing* defendant Edwards, which will most certainly affect him personally. | |
| 19. Defendants' Apology | Defendants object, to the extent any party wishes to express regret for their actions, this is permissible | |
| 20. "Special Efforts" by Jury | As with #5, defendants do not understand this motion, but object to the extent plaintiff seeks to prohibit proper cross-examination and impeachment of witnesses or attorney opening statement/closing argument.<br><br>Defendants note that plaintiff has proposed jury instructions seeking "special efforts" by the jury in plaintiff's favor, which are objectionable (Plaintiff's Special Instructions 2, 3) | |
| 21. Supplemental Voir Dire | Defendants object, this is not a proper motion in limine regarding evidence, any request for voir dire time or a special jury questionnaire was previously due, and in any case should be denied (defendants previously agreed to waive their request in light of plaintiff's 122 voir dire questions), *see* Defendants' Objections to Plaintiff's Requested Voir Dire, incorporated herein by reference | |
| 22. "Reference to Unverified Information" | As with #5, defendants do not understand this motion, but object to the extent plaintiff seeks to prohibit proper cross-examination and impeachment of witnesses | |
| 23. Reference to Juror Taxpayer Status | No objection | |
| 24. Effect on Insurance Rates/Taxes | No objection | |
| 25. Tax on Recovery | No objection | |
| 26. "Money Will Not Undo Damage" | As with #5, defendants do not understand this motion, but object to the extent plaintiff seeks to prohibit proper cross-examination and impeachment of witnesses | |
| 27. Argument Re Tort System, Plaintiff Lawyers | No objection | |
| 28. "Undisclosed Records" | Defendants agree in part and object in part: Defendants have no intention of producing defendants' work product prior to trial, which is not discoverable in any case. Defendants agree discovery closed months ago, barring plaintiff and defendants from producing new documents to attempt to support claims (see | |

Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301-4096<br>(503) 947-4700 / Fax: (503) 947-4791

| | defendants' MIL #4, 9, 10, 13).<br><br>Defendants object to the extent plaintiff seeks to prohibit proper cross-examination and impeachment of witnesses, including with work product documents that are not discoverable. | |
| --- | --- | --- |
| 29. "Plaintiff's File Materials" | As with #5, defendants do not understand this motion, but object to the extent plaintiff seeks to refuse to show documents to counsel or provide copies or page/line references prior to showing or reading them to a witness as required by the Federal Rules of Evidence | |
| 30. Superseded pleadings | Defendants object, plaintiff's pleadings are admissions including the original complaint, and plaintiff has not yet filed the Pretrial Order (version 6 of which was sent to plaintiff's counsel on Dec. 15) | |
| 31. Excluding Dr. Kitchel Testimony | Defendants object, see discussion for MIL #31 below | |

**Plaintiff's Motion in Limine #2: Exclude Witness Statements Re "Legal Conclusions"**

    *a.    definition of "legal conclusion"*

Defendants do not object to plaintiff's motion to the extent it seeks to prohibit any witness, for plaintiff or defendants, from testifying regarding what the *law* says or requires, the court is to instruct the jury on the law. A "legal conclusion" is a "statement that expresses a legal duty or result but omits the facts creating or supporting the duty or result." BLACK'S LAW DICTIONARY p. 725 (7th Ed. (abridged) West Publishing 2000). In other words, a "legal conclusion" is a pure conclusion or statement of law, such as "ORS 806.010 prohibits driving on public roads without insurance." By contrast, the statement "I observed plaintiff exceeding the posted speed limit, which is a traffic violation" is not a pure conclusion or statement of law, i.e. it is not a "legal conclusion." Likewise, testimony and evidence regarding police policies, practices, guidelines and training are not statements of legal duties or results, and are not "legal conclusion."

Plaintiff's citation to *Mukhtar* is partial, in fact the Ninth Circuit said the following in footnote 10:

    It is well-established, however, that expert testimony concerning an ultimate issue is not per se improper. E.g., *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 529 (9th Cir. 1986). Indeed, Federal Rule of Evidence 704(a) provides that

Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301-4096<br>(503) 947-4700 / Fax: (503) 947-4791

expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."    However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.   E.g., *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999);  *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (emphasis in original).

The Ninth Circuit's statement in *Mukhtar* supports defendants' position, as does F.R.E. 702.

### b.    *"reasonable officer on the scene" standard requires testimony*

Plaintiff's motion must be denied to the extent it seeks to prohibit witnesses from testifying regarding anything more than statements of the law.  In particular, defendant Edwards and others must be permitted to testify as to their observations of plaintiff's and defendant's behavior, such as reckless driving, driving without insurance, plaintiff's violations of the law, and similar testimony.  Additionally, expert and lay witnesses must be permitted to testify to their assessment that Oregon State Police policy was complied with, the use of force training or firearms or driving training was followed, and defendant Edwards' actions were appropriate and reasonable under the circumstances.

The legal standard for the jury's consideration of plaintiff's Fourth Amendment claim is, according to plaintiff himself, the "*perspective of a reasonable officer on the scene*."  See Plaintiff's Requested Jury Instruction (Ninth Circuit Model) 9.22.  The jury should and must hear testimony regarding what a reasonable officer on the scene would do in order to obtain sufficient information to determine the case in accordance with what plaintiff admits is the legal standard to be applied.  Unless the jury is composed entirely of current and former police officers, the jury must hear testimony regarding police officer training, experience, policies, practices and guidelines in order to be able to reach their decision.  The perspective of a reasonable officer on the scene necessarily includes whether police policies, guidelines and training were complied with, and whether other officers considering the evidence believed the use of force was appropriate and reasonable or excessive.  Indeed, plaintiff's own Trial Memorandum discusses the use of force continuum at length, including that all officers are trained on use of force and its

Page 7 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE
HJV/6931258-v1

application.  Plaintiff's Trial Memorandum, pp. 16-18.  It is not possible for plaintiff to elicit this plaintiff-anticipated testimony regarding the use of force policy and practices without some application of that policy to the facts in the case.  Plaintiff is free to cross-examine witnesses on this testimony, but the testimony must be admitted.

Additionally, testimony and evidence regarding reasonableness, compliance with policies and the like are directly related to plaintiff's claim for punitive damages and defendant Edwards' qualified immunity and justification defenses.  The qualified immunity defense requires the jury to determine, among other factors, whether defendant Edwards reasonably believed his actions were lawful and "whether a reasonable officer under the same circumstances would believe they had a legitimate basis for taking such action."  This defense necessarily requires evidence and testimony regarding reasonableness by defendant Edwards and other expert and lay witnesses. To exclude such evidence and testimony would be to impermissibly prevent defendant Edwards from presenting his qualified immunity defense.  Similarly, the justification defense allows physical force in making an arrest "to the extent the officer reasonably believes it to be necessary," and evidence must be permitted for this defense.  Also, plaintiff's punitive damages claim requires the jury to determine by clear and convincing evidence that defendant Edwards acted with malice or oppression, the latter defined as 'violating the rights of the plaintiff… such as by the misuse or abuse of authority or power.'  Defendant Edwards must be permitted to respond to plaintiff's punitive damages claim with evidence and testimony that his actions did not violate plaintiff's rights and were not a misuse or abuse of power, to exclude such testimony is impermissibly prejudicial to defendants.

Furthermore, the fact that plaintiff lacks any use of force expert or other witness, other than plaintiff, to testify that defendant Edwards' actions were an excessive use of force is not a reason to exclude proper testimony that defendant Edwards' actions were in accordance with policy and training and an appropriate and reasonable use of force under the circumstances.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

c.    *"probable cause" testimony*

There is no dispute that probable cause existed to support the citations issued by Lane County Sheriff deputies to plaintiff, and plaintiff has no claim for false or unlawful arrest. Lane County Sheriff Deputy Ware also produced an Affidavit of Probable Cause. There is no claim or allegation in this case that the arrest itself was unlawful, nor could there be based on the evidence. *See also* Defendants' MIL #3, incorporated herein by reference.[3] Indeed, the parties agree that Ninth Circuit Model Jury Instruction 9.22 is appropriate, which applies to cases of alleged excessive use of force *in making a lawful arrest*. See Plaintiff's Requested Jury Instruction (Ninth Circuit Model) 9.22 (using "in making a lawful arrest" language). For these reasons, either the jury must be instructed that probable cause existed and the arrest was lawful, or else testimony and evidence on the point must be allowed. To allow a jury to deliberate not knowing whether the arrest was lawful and supported by probable cause is misleading to the jury, confuses the issues, allows the jury to improperly speculate (and plaintiff to improperly argue) that the arrest itself was also unlawful and make a decision on that unalleged basis, and is impermissibly unduly prejudicial to defendants.

d.    **Plaintiff can choose to open the door or not**

Defendants are confused by this and similar motions by plaintiff because until now there has never been a claim or dispute that probable cause existed and the arrest itself was lawful, as is reflected in plaintiff's own requested jury instruction. Based on plaintiff's Motions in Limine, it now appears plaintiff seeks to have testimony admitted that the district attorney's office did not pursue the citations issued to plaintiff, apparently to argue that the charges must have been bogus in the first place and to support plaintiff's claim for punitive damages (see Plaintiff's MIL #17, admitting arrest lawful and no claim of false arrest but seeking to argue the charges were

---

[3] Several cases cited by plaintiff involve false arrest claims, in which a ruling excluding testimony regarding existence of probable cause may be appropriate. Those cases are inapplicable here. Similarly, plaintiff's characterization of the existence of probable cause as an "ultimate issue in the case" (MIL #2, p. 4) is inaccurate, given there is no false arrest claim and probable cause is not disputed.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

"baseless in the first place").  Then plaintiff simultaneously seeks to exclude any testimony to rebut these statements and arguments, such as testimony from the district attorney regarding the actual reasons the charges were not pursued, or testimony from several witnesses regarding the existence of probable cause and lawfulness of the arrest.  Plaintiff cannot have it both ways.  To the extent plaintiff chooses to pursue evidence, testimony or argument regarding the citations, probable cause and charging decisions, defendants must be permitted to respond.  Alternatively, plaintiff or the court may choose to simply have the court instruct the jury that the arrest itself was lawful and citations supported by probable cause, and trial may proceed on the actual claims before the jury.

**Plaintiff's Motion in Limine #14: Defendant Edwards Testimony Re Basis for Use of Force**

Plaintiff admits that "[d]efendant Edwards' actions can only be evaluated in terms of what he knew on the afternoon in question," and admits nothing after the incident itself is relevant. Plaintiff MIL #14 (p. 12).  This is consistent with defendants' MIL #1, which should be granted based on plaintiff's own argument.

Regardless, defendant Edwards' knowledge on the afternoon in question necessarily includes defendant Edwards' training, experience, knowledge of risks in police activity such as traffic stops and high-risk stops, and other relevant information known to him at the time.  See discussion for plaintiff's MIL #2, above, incorporated herein by reference.  In particular, defendant Edwards had previously been shot at, attacked by suspects, is aware of other officers shot at, attacked, and injured during routine traffic stops and high-risk stops, and is trained to be aware of those and other dangers posed to police officers, suspects and the public.  As discussed above, in order for the jury to decide plaintiff's Fourth Amendment claim, defendant Edwards' qualified immunity and justification defenses, plaintiff's punitive damages claim, and other issues in the case, defendant Edwards must be permitted to testify regarding these issues.

HJV/6931258-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Plaintiff's Motion in Limine #31, Excluding Dr. Kitchel Testimony**

Although plaintiff states this motion is not based on *Frye* (presumably intending *Daubert*), plaintiff attacks Dr. Kitchel's proposed testimony on three essentially *Daubert* grounds: (a) lack of qualification, (b) "inadequate data," and (c) lack of trustworthiness.

    *a.*    *Dr. Kitchel's qualifications*

Dr. Kitchel is a board-certified orthopedic surgeon with a medical degree from University of Oregon Medical School (cum laude) (now OHSU), a surgical internship, an orthopedic residency and fellowship training. *See* Defendants' Lay and Expert Witness Statements, attachment A. He presently has a private surgical practice and is a clinical assistant professor at OHSU's Department of Orthopedic Surgery, and a staff surgeon at Shriner's Hospital for Crippled Children. *Id.* Dr. Kitchel's qualifications are beyond dispute. To the extent plaintiff seeks to argue his private surgical practice is spinal surgery not left clavicular surgery, this goes to the weight of his opinions not his qualifications, and plaintiff may cross-examine accordingly if he chooses.

Notably, as plaintiff has not produced a CV for his proposed medical experts, defendants are unable to compare the CVs or make any motion against plaintiff's medical experts' qualifications. *See* defendants' Objections to Plaintiff's Witnesses, incorporated herein by reference.

    *b.*    *"inadequate data"*

Although unclear, plaintiff appears to argue that the examination performed by Dr. Kitchel in accordance with Fed. R. Civ. P. 35 was insufficient, and more visits and examinations should occur before Dr. Kitchel could render an opinion. Defendants would be happy to include additional visits and examinations, however Fed. R. Civ. P. 35 provides for only one, and plaintiff presumably would object to additional visits and examinations. Plaintiff also appears to argue that Dr. Kitchel did not see plaintiff in the weeks and months immediately following the injury, however that is because plaintiff waited nearly two years, until June 2014, to file a

Page 11 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

complaint which would trigger defendants' right to seek an examination of plaintiff pursuant to Fed. R. Civ. P. 35. Furthermore, plaintiff presents no evidence that the information Dr. Kitchel need to form his opinions could not be obtained through his physical examination of plaintiff and review of the medical records, deposition transcripts and other documents and video.

Confusingly, plaintiff argues that Dr. Kitchel was not present at the incident and although he saw the video and reviewed other documents he cannot testify as to the cause of plaintiff's broken clavicle. This is confusing in part because this is precisely what plaintiff proposes his own doctors, Dr. Sheerin and Dr. Boespflug, testify to. This is also confusing because this is precisely what plaintiff proposes his biomechanic expert Dr. Robertson testify to. This is further confusing because plaintiff's biomechanic expert Dr. Robertson agrees with Dr. Kitchel that the fall from the motorcycle following contact from defendant Edwards' vehicle likely caused the clavicle to break. The data Dr. Kitchel had available to him is the data available in the case, including a physical examination of plaintiff, and is sufficient to form an opinion.

Again, notably, plaintiff has produced no expert report from his doctors, Dr. Sheerin and Dr. Boespflug, and plaintiff's witness disclosure statement fails to indicate the basis for any opinions these doctors will express, indeed the opinions themselves are vaguely stated at best. For this reason, defendants are unable to compare the data and bases for Dr. Kitchel's opinions with the data and bases for plaintiff's own doctor opinions, or make any motion against the data and bases for their opinions. *See* defendants' Objections to Plaintiff's Witnesses, incorporated herein by reference.

> ### c.    *lack of trustworthiness*

Plaintiff appears to argue that the mere nature of an examination conducted pursuant to Fed. R. Civ. P. 35 contains "litigation bias" that prohibits the examiner from testifying. This is not the type of "litigation bias" that courts exclude. Indeed, courts regularly allow doctors and others to testify at trial following a Rule 35 examination, and such testimony is almost never excluded. It bears noting that Fed. R. Civ. P. 35, in existence since 1937, is a rule intended to

Page 12 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE
HJV/6931258-v1

protect plaintiffs and defendants, protecting plaintiffs from multiple potentially invasive examinations, and fulfilling defendants' right to fair trial by providing one chance to determine from a third party the cause, nature and extent of any injuries and damages claimed by plaintiff. *See Curtis v. Express, Inc.*, 868 F. Supp. 467, 468 (N.D. N.Y. 1994).

As described at length in *McClellan v. I-Flow Corp.*, "litigation bias" requires a level of involvement and tampering by an attorney (in that case, plaintiff's attorney) that essentially makes the proposed expert a mouthpiece for the attorney, rendering such expert testimony unreliable and requiring the expert testimony be excluded. 710 F. Supp. 2d 1092, 1119-1125 (D. Or. (Aiken, J.) April 29, 2010). There is no evidence, nor does plaintiff present any, that "litigation bias" exists and requires exclusion of Dr. Kitchel's testimony.

Plaintiff also appears to argue that Dr. Kitchel's testifying will confuse the jury because several doctors potentially may testify. This is difficult to understand, as plaintiff himself proposes to have two doctors testify as experts. To the extent plaintiff simply objects that Dr. Kitchel may disagree with plaintiff's doctors (we do not know because their opinions and bases are not provided), and this could be confusing, this is precisely the nature of a trial and each party's right to present witnesses and testimony for jury decision. By plaintiff's argument, only plaintiff would be permitted to present any evidence or testimony at trial, which is clearly not a fair trial.

DATED December   29  , 2015.          Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


   *s/ Heather J. Van Meter*
HEATHER J. VAN METER #983625
DIRK L. PIERSON #941281
Senior Assistant Attorney General
Trial Attorney
Heather.J.VanMeter@doj.state.or.us
Dirk.L.Pierson@doj.state.or.us
Of Attorneys for Defendants State of Oregon
     and Robert Wayne Edwards

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791