ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
DIRK L. PIERSON #941281
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us
            Andrew.D.Campbell@doj.state.or.us

Attorneys for Defendants Robert Wayne Edwards and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON**,<br><br>Defendants. | Case No.  6:14-cv-00907-MC<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS AND VERDICT FORM |

A.  **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTIONS**

a.  *Defendants' Requested Instruction #3 (Ninth Circuit Model 1.2)*

Plaintiff is incorrect that the State of Oregon is automatically liable for the acts of defendant Edwards, respondeat superior liability rests on the law relating to course and scope of employment or agency.  Plaintiff failed to request jury instructions regarding agency or respondeat superior liability.

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS AND VERDICT FORM
      HJV/7052169-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### b.        *Defendants' Requested Instruction #5 (Ninth Circuit Model 1.5)*

Defendants do not understand plaintiff's objection because plaintiff admits there are two defendants in the case, as the caption also reflects. Plaintiff's objection is not well taken.

### c.        *Defendants' Requested Instruction #24 (Ninth Circuit Model 5.1)*

Plaintiff has dropped his assault and battery claims, therefore the only remaining claims are based on 42 U.S.C. §1983/Fourth Amendment and negligence. There is no dispute that plaintiff lacked insurance at the time of the incident. There is no dispute that ORS 31.715 bars recovery of non-economic damages for negligence claims of persons lacking insurance. Plaintiff cannot claim negligence and then argue intentional conduct to attempt to recover non-economic damages. Under Oregon law, "allegations of intentional conduct do not support a claim for negligence." *Rodrigues v. Jackson Cty.*, No. 1:13-CV-01589-CL, 2015 WL 404577, at *4 (D. Or. Jan. 29, 2015) (footnote omitted) (citing *Kasnick v. Cooke,* 116 Or. App. 580, 583 (1992)); *see also Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096, 1110 (D. Or. 2013) (noting that, based on *Kasnick*, that allegations of only intentional acts allows summary judgment on negligence theory).

### d.        *Defendants' Requested Instruction #29 (Ninth Circuit Model 9.18)*

Defendants do not understand plaintiff's objection because plaintiff's own proposed jury instruction uses the "in making a lawful arrest" language. *See also* defendants' MIL #2 and 3, defendants' response to plaintiff's MIL #2, incorporated herein by reference. According to Ninth Circuit instructions, both 9.18 and 9.22 should be given, together, not one or the other. Defendants submitted a corrected requested jury instructions setting out the exact language for each of these instructions.

### e.        *Defendants' Requested Instruction #30 (Ninth Circuit Model 9.26)*

Defendant Edwards maintains his qualified immunity defense and is entitled to have the jury instructed accordingly. Denial at summary judgment, applying the standard in Fed. R. Civ. P. 56, is not dispositive of and does not preclude the defense.

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS AND VERDICT FORM
HJV/7052169-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### f.     *Defendants' Requested Instruction #31 (Oregon UCJI 20.01)*

Defendants' requested instruction is appropriate because State of Oregon is the named defendant on plaintiff's negligence claim.

### g.     *Defendants' Requested Instruction #34 (Oregon UCJI 20.05)*

The requested instruction relates to defendants' justification defense and comparative fault defense, and is not only appropriate but must be given. Plaintiff mischaracterizes ORS 811.540(1)(b), as it applies to "[a] police officer who is in uniform and prominently displaying the police officer's badge of office <u>or</u> operating a vehicle appropriately marked showing it to be an official police vehicle" (emphasis added: *or* not *and* is used). There is no dispute that defendant Edwards was in uniform and prominently displaying his badge, and there is no dispute that he gave visual and audible signal to stop plaintiff including by lights and siren.

### h.     *Defendants' Requested Instructions #36-37 (Oregon UCJI 21.01-21.02)*

Plaintiff's objection is not well taken, as defendants assert a comparative fault defense and it is for the jury to determine whether plaintiff was at fault.

### i.     *Defendants' Requested Instruction #39-41 (Oregon UCJI 70.02, 70.03, 70.09)*

Defendants' requested instructions are proper because Oregon state law regarding damages applies to plaintiff's §1983 claim as well as the negligence claim, and instructing separately on essentially the same damages law will be confusing to the jury.

### j.     *Defendants' Requested Instruction #42 (Oregon UCJI 70.16)*

Plaintiff appears to re-raise his objection to defendants' requested instruction #24, defendants incorporate their response herein by reference.

### k.     *Defendants' Requested Instruction #43 (Oregon UCJI 73.01)*

Defendants have asserted a failure to mitigate defense and are entitled to have the jury instructed accordingly.

Page 3 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS AND VERDICT FORM
HJV/7052169-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### l. *Defendants' Special Instruction #1*

Defendants herein incorporate their response to plaintiff's objection to defendants' requested instruction #30 by reference. The proposed instruction expressly incorporates the objective standard, and is otherwise a correct statement of the law. Defendants use plaintiff because there is only one, and name defendants because there are two, but leave this housekeeping issue for the court to determine.

### m. *Defendants' Special Instruction #2*

Defendants request this instruction and it must be given because an individual employee and the State of Oregon are named defendants, but the §1983 claim is against defendant Edwards personally and individually, the Eleventh Amendment prohibits a §1983 claim against the State of Oregon, and the State of Oregon is not a "person" for purposes of 42 U.S.C. §1983, and the jury must understand that it cannot find defendant Edwards liable for the acts of the State of Oregon. This is especially true when extensive testimony is expected regarding Oregon State Police practices, policies, procedures and training, for which defendant Edwards cannot be held liable. Failure to give this clarifying instruction would impermissibly allow the jury to consider defendant Edwards liable for acts of the Oregon State Police or State of Oregon, and would be confusing.

### n. *Defendants' Special Instruction #3*

This instruction properly informs the jury that they are not to second-guess the officer, especially with improper 20/20 hindsight. Intent is included in Ninth Circuit Model 9.18. The instruction should be given to ensure the jury does not use 20/20 hindsight.

### o. *Defendants' Special Instruction #4*

Presumptions are standard instructions and applicable to the facts of this case, and must be given when applicable. *See* Fed. R. Evid. 301 and the cited cases.

Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS AND VERDICT FORM
HJV/7052169-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*p.*     *Defendants' Special Instruction #5*

Defendant State of Oregon asserts a justification defense to plaintiff's negligence claim, and is entitled to have the jury instructed consistent with the defense. The instruction is also a neutral, plain, concise statement of justification law in Oregon.

**B.    DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUESTED VERDICT FORM**

Plaintiff's objection to defendants' verdict form because it is complicated is not well taken because the form is easy to follow step by step and requires the jury to answer several particular questions that are necessary elements of plaintiff's claims and defendants' defenses. Plaintiff's objection to defendants' verdict form because plaintiff's proposed verdict form is "clear and easy" is not well taken because plaintiff's omission of several required elements of plaintiff's claims and all of defendants' defenses is improper. As discussed above and in defendants' Trial Memorandum, plaintiff is not entitled to recover non-economic damages or punitive damages on his negligence claim. Defendants agree that, to the extent plaintiff's punitive damages claim proceeds to the jury, that a space for such claim should be added to plaintiff's first claim for relief.

DATED December  29 , 2015.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

   *s/ Heather J. Van Meter*
HEATHER J. VAN METER #983625
DIRK L. PIERSON #941281
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Dirk.L.Pierson@doj.state.or.us
Of Attorneys for Defendants State of Oregon
    and Robert Wayne Edwards

Page 5 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS AND VERDICT FORM
HJV/7052169-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791