ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
DIRK L. PIERSON #941281
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us
        Dirk.L.Pierson@doj.state.or.us

Attorneys for Defendants Robert Wayne Edwards and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN MICHAEL WILKENS**, | Case No.  6:14-cv-00907-MC |
| Plaintiff, | DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND WITNESSES |
| v. | |
| **ROBERT WAYNE EDWARDS**, in his individual capacity; **THE STATE OF OREGON**, | |
| Defendants. | |

Defendants respond to plaintiff's objections to defendants' exhibits and witnesses as follows, using charts for ease of reference.

### A.    DEFENDANTS' RESPONSE TO PLAINTIFF'S EXHIBIT OBJECTIONS

Defendants state as a preliminary matter that "prejudice" and "*unfair* prejudice" are not the same thing.  All evidence is prejudicial in the sense that the party offering the evidence hopes it will rebut the opposing side's evidence and argument.  Unfair prejudice "lure[s] the fact finder into declaring guilt [or liability] on a ground different from proof specific to the [claim or]

Page 1 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS
            AND WITNESSES
            HJV/6931300-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In other words, the jury must be tempted by the proposed evidence to decide a case on grounds different from those the law requires. *See generally*, Merritt & Simmons, LEARNING EVIDENCE, pp. 71-72 (2d Ed. Thomson Reuters 2012).

| NO. | EXHIBIT DESCRIPTION | PLAINTIFF OBJECTION | DEFENDANTS' RESPONSE | ADMITTED |
|---|---|---|---|---|
| 201. | State Police Video of Wilkens Chase | None | | |
| 202. | State Police Policy 500.8 – Use of Force – Rev 7/11/06 (WIL-OSP-861-868) | None | | |
| 203. | State Police Policy 502.7 – Halting Vehicles High Risk Stop Rev 3/8/94 (WIL-OSP-401-403) | None | | |
| 204. | State Police Policy 502.9 – Violator Pursuit Rev 10/20/06 (WIL-OSP-0056-0063) | None | | |
| 205. | 8/3/12: Eugene Fire & EMS Department – Incident 12027751 – Patient Care Report (WIL-OSP-0157-0160) | Objection: hearsay within hearsay | The second sentence of the first page narrative can be redacted; plaintiff's statements to EMT are not hearsay 801(d)(2) and exceptions 803(1) and 803(4) apply | |
| 206. | 8/3/12: Affidavit of Deputy Tim Ware – Agency 12-5393 (WIL-OSP-0167-0174) | Objections: relevance, hearsay, incomplete, undue prejudice | Affidavit of Probable Cause is relevant if plaintiff disputes probable cause existed or "lawful arrest" (see Defendants' Response to Plaintiff's MIL #2, incorporated herein by reference); Fed. R. Evid. 801(d)(1) and 803(8) apply to the document; defendant Edwards' statement is not offered for truth but to show he discussed the use of force at the accident scene; plaintiff's statement is non-hearsay 801(d)(2); it is Deputy Ware's complete Affidavit of Probable Cause (the affidavit refers to seven attached pages) and the same was produced by plaintiff to defendants in discovery; there is no *unfair* | |

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS
           AND WITNESSES
           HJV/6931300-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

| | | | prejudice in using evidence to respond to plaintiff's arguments | |
|---|---|---|---|---|
| 207. | OSP Incident Report 12-256613 by R. Edwards (WIL-OSP-0030-0038) | None | | |
| 208. | 8/3/12 – OSP Use of Force After Action Report by R. Edwards (WIL-OSP-0380-0383, 0353-0362) | Objections: relevance, hearsay, incomplete, undue prejudice | Use of Force Report is relevant if plaintiff argues defendant Edwards attempted to "cover up" use of force, also relevant to qualified immunity and justification defenses; document is not offered for truth but to show defendant Edwards discussed the use of force contemporaneously; also hearsay exceptions 803(6) and 803(8) apply; the document is complete; there is no *unfair* prejudice in using evidence to respond to plaintiff's arguments | |
| 209. | Captain Robert Edwards Notebook pages (WIL-OSP-431-435) | None | | |
| 210. | 8/15/12: OSP Personnel Complaint Report by A. Heider (WIL-OSP-366-0372, 0353-0359, 0374-0376, 0380-0383, 0379, 0384-0387, 0360-0362) | Objections: relevance, hearsay, incomplete, undue prejudice | Personnel Report is relevant to both plaintiff's claims and qualified immunity and justification defenses ("reasonable officer" standard) and if plaintiff argues defendant Edwards received letter of reprimand for not reporting use of force to supervisor until later the same day; hearsay exceptions 803(6) and 803(8) apply; the report is complete; there is no unfair prejudice in using evidence to support defendant's defenses and respond to plaintiff's arguments | |
| 211. | 8/30/12 Lane County District Attorney Letter re: LT Rob Edwards' Arrest of Justin Wilkens, Incident date August 3, 2012 (WIL-OSP-0039) | Objections: relevance, hearsay, incomplete, undue prejudice | DA Letter is relevant if plaintiff disputes probable cause existed or "lawful arrest" (see Defendants' Response to Plaintiff's MIL #2, incorporated herein by reference) and is relevant if plaintiff argues defendant Edwards attempted to "cover up" a use of force and is relevant to both plaintiff's claims and qualified immunity and justification defenses ("reasonable | |

Page 3 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND WITNESSES
HJV/6931300-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

| | | | | |
|---|---|---|---|---|
| | | | officer" standard); Fed. R. Evid. 801(d)(1) and 803(6) and 803(8) apply to the document; the document is complete (one page); there is no *unfair* prejudice in using evidence to respond to plaintiff's arguments | |
| 212. | DPSST Public Safety Officer Records of Robert Edwards (WIL-OSP-0896-0900) | None | | |
| 213. | Awards and Letters of Appreciation/Commendation to Robert Edwards (WIL-OSP-793-798) | Objection: relevance | Defendants agree documents reflecting commendations and awards will not be admitted unless plaintiff opens the door (see Defendants' Response to Plaintiff's MIL #15, incorporated herein by reference) | |
| 214. | 6/21/15: Response to Wilkens' Subpoena Duces Tecum to Lane County Sheriff's Office (WIL-LCSO-SUB-001-074) | Objections: relevance, hearsay, incomplete, undue prejudice | LCSO non-photograph documents are relevant if plaintiff disputes probable cause existed or "lawful arrest" (see Defendants' Response to Plaintiff's MIL #2, incorporated herein by reference); the photographs are relevant to plaintiff's claims for damages; the event detail is the contemporaneous account of the radio traffic of the incident and is relevant to all claims and defenses in the case; Fed. R. Evid. 803(6) and 803(8) apply to the documents; the documents are the complete LCSO response to plaintiff's subpoena; the records custodian certificate is for authentication; there is no *unfair* prejudice in using evidence to respond to plaintiff's arguments | |
| 215. | Google Satellite Map of Crow Road | Objection: "distance incorrect" | This is not an evidentiary objection, perhaps plaintiff objects to foundation but defendants will lay a proper foundation | |
| 216 - 239 | Reserved for Impeached | N/A | | |

Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND WITNESSES
          HJV/6931300-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

B.   **DEFENDANTS' RESPONSE TO PLAINTIFF'S WITNESS OBJECTIONS**

Defendants respond to plaintiff's objections to each of defendants' witnesses as follows.

1.   **EMT Jesse Bishop**

As with response to plaintiff's objections to exhibit 206 above, the second sentence of the first page narrative can be redacted, but plaintiff's statements to the EMT are not hearsay 801(d)(2) and exceptions 803(1) and 803(4) apply.

2.   **Major Michael Bloom**

Defendants incorporate their response to Plaintiff's Motion in Limine #2 by reference as if fully set forth herein.  Defendants further state that Major Bloom's testimony is relevant and responds to plaintiff's proposed argument that defendant Edwards was trying to "cover up" a use of force, including the video matching defendant Edwards' description and defendant Edwards discussing the incident with others at the office.  The testimony also responds to plaintiff's proposed testimony by the same witness Major Bloom that defendant Edwards failed to timely report and/or was reprimanded for not reporting the use of force until a few hours later.  Plaintiff objects that testimony by Major Bloom regarding his belief that defendant Edwards simply forgot to report the use of force is hearsay.  This is inaccurate, hearsay is an *out of court statement being offered for its truth*.  Major Bloom is not proposing to testify regarding the content of statements except as indicated.

3.   **Allen Edwards**

Mr. Edwards will bring the records to court with him, which are business records pursuant to 803(6).

4.   **Captain Robert Edwards**

These objections simply re-state plaintiff's MIL #2, 9, 14 and 17 (and 15 according to plaintiff?), and defendants' response to those motions is incorporated herein by reference.

Page 5 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND WITNESSES
HJV/6931300-v1

### 5. Major Andrew Heider

These objections in part re-state plaintiff's MIL #2, and defendants' response is incorporated herein by reference. Major Heider does not propose to introduce any out of court statements by Sergeant Kenyon, rather he proposes to discuss his routine after-action investigation including the steps taken and result, including referral to the district attorney's office. Plaintiff's statements are not hearsay, 801(d)(2).

### 6. Senior Trooper Scott Hite

These objections in part re-state plaintiff's MIL #2, and defendants' response is incorporated herein by reference. Plaintiff also objects that Trooper Hite was required to write an expert report, however Trooper Hite was expressly designated as a 26(a)(2)(C) witness, and his regular duties with the Oregon State Police are to <u>coordinate and conduct training</u> (not provide expert testimony) regarding use of force and defensive tactics. Attachment A (Hite Dep.) 5:24-6:18. The mere fact that plaintiff requested and defendants provided a 30(b)(6) witness most knowledgeable on use of force training and tactics does not mean the person is specially employed to testify as an expert. Indeed, plaintiff elicited testimony from Trooper Hite that his job duties are coordinating and conducting training on defensive tactics. *Id*. Defendants' disclosure meets the requirements of 26(a)(2)(C) and is admissible.

### 7. Sheriff Deputy Bryan Holiman

Plaintiff's objection re-states plaintiff's MIL #2, and defendants' response is incorporated herein by reference.

### 8. Sergeant Andrew Kenyon

Plaintiff's objection re-states plaintiff's MIL #2, and defendants' response is incorporated herein by reference. Plaintiff also objects to hearsay statements by defendant Edwards, however the statements are offered as part of Sgt. Kenyon's investigation and to show defendant Edwards contemporaneously reported the use of force (see also defendants' response to plaintiff's objections to exhibits 208, 210 and 211, incorporated herein by reference). Plaintiff's statements

Page 6 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND WITNESSES
HJV/6931300-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

to Sgt. Kenyon are not hearsay, 801(d)(2). Sgt. Kenyon's impression of plaintiff's statement as part of the after-action investigation, and that plaintiff was "setting up to sue" is routine and fair testimony regarding plaintiff's motive, intent and interest. *Allan v. Cummings*, 192 F. App'x 654, 655 (9th Cir. 2006) (42 U.S.C. §1983 claim against police, court stated "and the police were entitled to probe the basis for her claim and her 'motive' or 'intent' for filing the instant action, Fed.R.Evid. 404(b)."); *see also* defendants' response to plaintiff's MIL #12, incorporated herein by reference.

### 9.    Dr. Scott Kitchel

See defendants' response to plaintiff's MIL #31, incorporated herein by reference. Attachment A (Peterson Dep.), 6:5-13.

### 10.    District Attorney Patricia Perlow

Plaintiff's objection re-states plaintiff's MIL #2 and 14 and exhibit 211, and defendants' response is incorporated herein by reference. Defendants do not understand plaintiff's relevance objection because plaintiff cites the Court Order finding probable cause relates to the facts and circumstances within the officer's knowledge. D.A. Perlow's testimony or findings regarding plaintiff's attempt to elude and disposition of his citations are not 608 "character evidence" or 609 criminal conviction evidence. As noted in response to plaintiff's MIL #2, plaintiff can choose to open the door to this testimony or not.

### 11.    Trooper Dave Peterson

Plaintiff's objection re-states plaintiff's MIL #2, and defendants' response is incorporated herein by reference. As with Trooper Hite, Trooper Peterson was expressly designated as a 26(a)(2)(C) witness, and his regular duties with the Oregon State Police are to <u>conduct training</u> (not provide expert testimony) regarding driving, high-risk and traffic stops, and previously firearms. Attachment A (Peterson Dep.) 6:5-13. The mere fact that plaintiff requested and defendants provided a 30(b)(6) witness most knowledgeable on these topics does not mean the person is specially employed to testify as an expert. Indeed, plaintiff elicited testimony from

Page 7 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND WITNESSES
          HJV/6931300-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Trooper Peterson that his job duties are conducting training on violator pursuit driving. *Id*. Defendants' disclosure meets the requirements of 26(a)(2)(C) and is admissible.

**12.    Sheriff Deputy Tim Ware**

Plaintiff's objection re-states plaintiff's MIL #2 and objection to defendants' exhibits 206 and 214, and defendants' responses are incorporated herein by reference.

DATED December  29 , 2015.

                              Respectfully submitted,

                              ELLEN F. ROSENBLUM
                              Attorney General

                              *s/ Heather J. Van Meter*
                              HEATHER J. VAN METER #983625
                              DIRK L. PIERSON #941281
                              Senior Assistant Attorney General
                              Trial Attorney
                              Tel (503) 947-4700
                              Fax (503) 947-4791
                              Heather.J.VanMeter@doj.state.or.us
                              Dirk L.Pierson@doj.state.or.us
                              Of Attorneys for Defendants State of Oregon
                                   and Robert Wayne Edwards

Page 8 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS
           AND WITNESSES
           HJV/6931300-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*Scott Hite*

*Wilkens v Edwards and State of Oregon*

*May 5th, 2015*

**CERTIFIED COPY**



CC REPORTING AND VIDEOCONFERENCING
172 East 8th Ave
Eugene, OR 97401
541-485-0111
www.ccreporting.com

Scott Hite

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JUSTIN WILKENS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 14-CV-00907 |
| ROBERT EDWARDS, in his individual capacity; THE STATE OF OREGON; | ) ) ) ) ) |
| Defendants. | ) |

DEPOSITION OF OREGON STATE POLICE

30(b)(6)

BY SENIOR TROOPER SCOTT HITE

May 5, 2015

Tuesday

10:01 A.M.

THE DEPOSITION OF SENIOR TROOPER SCOTT HITE, was taken at the Department of Justice, 1162 Court St. NE, Salem, Oregon, before Jan R. Duiven, CSR, FCRR, CCP, Certified Shorthand Reporter in and for the State of Oregon.

**CERTIFIED COPY**

Scott Hite

5

```
1         A.    I currently work out at the Oregon
2    Public Safety Academy.  The address out there is
3    4190 Aumsville Highway Southeast, Salem, Oregon,
4    97317.
5         Q.    Okay.  And what would be the best way
6    to contact you by phone?
7         A.    My work phone number is 503-378-4421.
8         Q.    Okay.
9               MR. CAMPBELL:  And, obviously, we
10   represent Trooper Hite.  So if you need him, go
11   ahead and contact us.
12              MS. REGAN:  Of course.
13   BY MS. REGAN:
14        Q.    And your date of birth, please?
15        A.    5-24-1968.
16        Q.    Okay.  And your current -- well, yeah.
17   Your current rank, please?
18        A.    Current rank is senior trooper.
19        Q.    Okay.  And how long have you held that
20   rank?
21        A.    For the last ten years.
22        Q.    Okay.
23        A.    Ten years.
24        Q.    And could you briefly explain to me
25   like what your current chain of command is?  Like
```

Scott Hite

6

1  where in the tree do you fall?
2      A.   I'm part of our training section.  I'm
3  the defensive tactics coordinator of the agency.
4  My first-line supervisor is Jeff Lewis.  He is the
5  sergeant out at the training section.
6      Q.   Okay.
7      A.   And then there's a lieutenant that
8  oversees that, and his name is Craig Flierl.
9      Q.   Okay.  And so is it accurate to
10 describe your position that you oversee all of the
11 trainers that are actually providing training to
12 police?
13     A.   Yes.
14     Q.   Okay.  You yourself are not normally
15 in the classroom or out actually providing
16 training these days?
17     A.   No.  I do both.  I oversee and I still
18 train.
19     Q.   Okay.
20     A.   And that's specific to Oregon State
21 Police.
22     Q.   Right.  Okay.  And is there a
23 specialty area that you normally train in?
24     A.   No.
25     Q.   Okay.

Scott Hite

102

```
1   State of Oregon      )
                         )  ss.
2   County of Lane       )

3

4              I, Jan R. Duiven, CSR, FCRR, CCP, a
5   Certified Shorthand Reporter for the State of
6   Oregon, certify that the witness was sworn and the
7   transcript is a true record of the testimony given
8   by the witness; that at said time and place I
9   reported all testimony and other oral proceedings
10  in the matter; that the foregoing transcript
11  consisting of 101 pages, contains a full, true and
12  correct transcript of the proceedings reported by
13  me to the best of my ability on said date.
14             If any of the parties or the witness
15  requested review of the transcript at the time of
16  the proceedings, correction pages have been
17  inserted.
18             IN WITNESS WHEREOF, I have set my
19  hand and CSR seal this 18th day of May, 2015, in
20  the City of Eugene, County of Lane, State of
21  Oregon.
22  [signature]
23  Jan R. Duiven, CSR, FCRR, CCP
24  CSR No. 96-0327
25  Expiration Date:  September 30, 2017
```

*David Peterson*

*Wilkens v Edwards and State of Oregon*

*May 5th, 2015*

CERTIFIED COPY



CC REPORTING AND VIDEOCONFERENCING
172 East 8th Ave
Eugene, OR 97401
541-485-0111
www.ccreporting.com

David Peterson

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN WILKENS,                )
                               )
         Plaintiff,            )
                               )
    v.                         )   No. 14-CV-00907
                               )
ROBERT EDWARDS, in his         )
individual capacity;           )
THE STATE OF OREGON;           )
                               )
         Defendants.           )

DEPOSITION OF OREGON STATE POLICE

30(b)(6)

BY SENIOR TROOPER DAVID PETERSON

May 5, 2015

Tuesday

1:03 P.M.

THE DEPOSITION OF SENIOR TROOPER DAVID PETERSON, was taken at the Department of Justice, 1162 Court St. NE, Salem, Oregon, before Jan R. Duiven, CSR, FCRR, CCP, Certified Shorthand Reporter in and for the State of Oregon.

CERTIFIED COPY

David Peterson

6

```
1    matters of your personal knowledge, but also
2    matters known or reasonably known to the Oregon
3    State Police?
4         A.   Okay.
5         Q.   And I believe that you have been
6    designated for OSP as a person that would know
7    about the trainings and policies regarding driving
8    and pursuit and traffic stops.  Is that correct?
9         A.   I'm an EVOC instructor, so I've had
10   advanced training in pursuit driving and
11   high-speed driving, and I teach people --
12   remediate and teach new officers violator pursuit
13   driving, yes.
14        Q.   Okay.  Do you have any medical issues
15   or medications that we should know about today
16   that might impact your ability to answer questions
17   honestly and completely?
18        A.   No.
19        Q.   Okay.  Just some quick -- some general
20   background questions.  I assume you graduated from
21   high school?
22        A.   I did.
23        Q.   Okay.  And did you attend college or
24   university?
25        A.   I did.
```

David Peterson

77

```
 1   State of Oregon      )
                          )  ss.
 2   County of Lane       )

 3

 4              I, Jan R. Duiven, CSR, FCRR, CCP, a
 5   Certified Shorthand Reporter for the State of
 6   Oregon, certify that the witness was sworn and the
 7   transcript is a true record of the testimony given
 8   by the witness; that at said time and place I
 9   reported all testimony and other oral proceedings
10   in the matter; that the foregoing transcript
11   consisting of 76 pages, contains a full, true and
12   correct transcript of the proceedings reported by
13   me to the best of my ability on said date.
14              If any of the parties or the witness
15   requested review of the transcript at the time of
16   the proceedings, correction pages have been
17   inserted.
18              IN WITNESS WHEREOF, I have set my
19   hand and CSR seal this 18th day of May, 2015, in
20   the City of Eugene, County of Lane, State of
21   Oregon.
22              [signature]

23   Jan R. Duiven, CSR, FCRR, CCP
24   CSR No. 96-0327
25   Expiration Date:   September 30, 2017
```